ESTATE OF JOHN W. THOMPSON, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27050.   Promulgated December 4, 1930.

*L. D. Slattery, Esq.,* for the petitioner.
*O. J. Tall, Esq.,* for the respondent.

#### OPINION.

TRUSSELL: For the year 1924 the respondent has determined a deficiency in the amount of $14,029.46 in the income tax of John W. Thompson, deceased. The error assigned is that respondent disallowed a deduction of $74,238.57 alleged to have been an ordinary and necessary business expense paid during that year. A portion of the said deficiency results from the respondent's disallowance of another item of $17,398 about which there is no controversy.

The taxpayer, John W. Thompson, deceased, whose business during 1924 was that of a general contractor, had his principal office in St. Louis, Mo., though he transacted business in other cities and often under different firm names when associated with others in certain contracts.

During the year 1924 Thompson expended $74,238.57 in defending himself in a criminal action brought by the United States Government. He and another were tried in the District Court of the United States for the Eastern Division of the Northern District of Illinois (case not reported) and convicted of violating section 37 of the Criminal Code (Comp. Stat. § 10201), the conspiracy being to defraud the United States in the location and building of Government hospitals under a contract or contracts let by the Veterans' Bureau, of which Colonel Forbes was the director. The charges were that money was transferred for corrupt purposes, that at least one contract was let, and that plans were made for the erection of other buildings in accordance with the illegal and corrupt understandings. In affirming the conviction of Thompson and Forbes, the Circuit Court of Appeals, speaking thorugh Judge Evans, as reported in *Thompson v. United States,* 10 Fed. (2d) 781, 782, said:

Briefly outlined, the scheme contemplated the selection of sites and the building of various hospitals; the submission of bids that would include in each one $150,000 for certain of the officials and a further division of the profits; the insertion in the bid of a provision calling for early completion of the building, so that Forbes could let the contract to Black and Thompson, though they were not the lowest bidder. Mortimer's story reflects no credit upon himself. It was shockingly repulsive. But, if believed, it was sufficient, especially in view of its documentary corroboration, to support the verdict. In fact, neither defendant took the witness stand, and so Mortimer's story, in many respects, was undisputed.

The Supreme Court of the United States denied a writ of certiorari. *Thompson* v. *United States*, 270 U. S. 654.

In making his Federal income-tax return for the year 1924, Thompson deducted from gross income the said amount of $74,238.57 as an ordinary and necessary business expense. The respondent has disallowed such deduction and restored the said amount to Thompson's net taxable income for that year.

In the cases of *Norvin R. Lindheim et al.*, 2 B. T. A. 229; *B. E. Levinstein*, 19 B. T. A. 99; *Sanitary Earthenware Specialty Co.*, 19 B. T. A. 641, and the cases therein cited, the Board has heretofore had before it facts similar to those involved in this proceeding, and it has consistently held that where, as in this case, a taxpayer incurs an expense in the defense of prosecution for alleged criminal or other illegal acts of which he is convicted, such expense is not deductible as an ordinary and necessary business expense.

*Judgment will be entered for the respondent.*