SIGMUND SPITZER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 43719, 50125. Promulgated June 18, 1931.

*A. Lewis Spitzer, Esq.*, for the petitioner.
*P. A. Bayer, Esq.*, for the respondent.

OPINION.

GOODRICH: The first issue raised by petitioner is whether, in computing his individual tax liability, he may deduct from his gross income as an ordinary and necessary business expense, in the year in which paid, the total fee charged him for renewing a mortgage loan upon his property, or whether that expense should be deducted ratably over the term of the loan. The second issue is whether a fee paid to a real estate broker for services rendered in procuring a tenant for and arranging a long-term lease upon petitioner's property may be deducted from gross income as an ordinary and necessary business expense when paid, or should be deducted ratably over the term of the lease. From a reading of the cases it is apparent that these problems, which may be treated together, have proved very troublesome.

In *Robert H. McNeill*, 16 B. T. A. 479, the Board, reversing its prior opinion as first pronounced in the case of *Crompton Building Corporation*, 2 B. T. A. 1056, held that commissions paid to agents for services rendered in connection with the leasing of property were deductible in the year in which paid, basing its opinion to some extent upon the principles outlined in *Olinger Corporation*, 9 B. T. A. 170. Following this decision the case of *Daly* v. *Anderson*, 37 Fed. (2d) 728, was decided and held that expenditures identical with those here in issue, namely expenses incident to obtaining a mortgage loan and commissions paid for procuring a lease, were proper deductions from income for the year in which paid when the taxpayer was on a cash receipts and disbursements basis (as he is in the case at bar).

But in *Bonwit Teller & Co.*, 17 B. T. A. 1019, the *McNeill* opinion was limited and the brokerage fee prorated over the life of the lease for the obtainment of which the fee was paid. Then followed the case of *Julia Stow Lovejoy*, 18 B. T. A. 1179, wherein by divided opinion, the Board further limited the *McNeill* case, overruled the

*Olinger* case, and held that the expense of procuring a loan for a term of years should be deducted ratably over the term. This was followed by *S. & L. Building Corporation*, 19 B. T. A. 788, of like effect.

Thereafter, in the case of *Roby Realty Co.*, 19 B. T. A. 696; *James M. Butler*, 19 B. T. A. 718; *Evalina M. Howard*, 19 B. T. A. 865; and *Central Bank Block Association*, 19 B. T. A. 1183, it was held that commissions paid for obtaining a lease for a term of years are not deductible as an expense when paid, even though taxpayer may be on a cash receipts and disbursements basis, but should be spread ratably over the life of the lease. The last named case directly and expressly disagrees with the decision in *Daly* v. *Anderson*, *supra*.

These decisions, which have since been consistently followed, represent the present opinion of the Board upon the first two issues involved in the case at bar. Until reversed by higher authority, we must, therefore, hold that the expenditures made by petitioner for securing a renewal of a mortgage loan upon his property and for obtaining a lease for a term of years thereon are not proper deductions from income for the year in which paid but must be spread ratably, the first over the term of the loan, and the latter over the term of the lease.

As to the issue involving the deductibility of the amount paid by petitioner on account of the deficiency asserted against a dissolved corporation of which he was formerly a stockholder and officer, the record herein is unsatisfactory in that it gives us no information as to what, if anything, petitioner secured through liquidation of the corporation nor as to what extent he might be liable for its debts. The record does not disclose whether petitioner was individually liable for the tax of the dissolved corporation or whether his payment thereof was wholly voluntary. Assuming that petitioner had received payments in liquidation of the corporation (although petitioner states in his brief that he did not), his payment in 1925 of the deficiency asserted against it was not a deductible expense or loss, but was, under the authority of *O. B. Barker et al.*, 3 B. T. A. 1180, and other cases heretofore decided on this issue, merely a repayment of corporate assets previously paid to him under a mistake of fact, to which he had no equitable title, and which became impressed with a trust. The amount thus repaid by him serves only to reduce the amount received upon the liquidation of the corporation. See also *Benjamin P. O'Neal*, 18 B. T .A. 1036. Assuming further that petitioner, upon the dissolution of the corporation, received its assets and assumed its liabilities as a part payment therefor, still his payment of the deficiency asserted

against the corporation is not a deductible expense, but is then a capital item, increasing the cost of the assets acquired. *Athol Mfg. Co.*, 22 B. T. A. 105; *Thomas H. Mastin*, 7 B. T. A. 72; affirmed in *Mastin* v. *Commissioner*, 28 Fed. (2d) 748.

However, in view of the state of the record in this case and the statements made in petitioner's brief, we have no alternative but to treat this payment made by petitioner as a voluntary payment for which he was not personally liable, finding that he has voluntarily and without consideration, assumed and paid the obligation or debt of another. As a voluntary discharge of the debt of another the payment by petitioner is not deductible from income for, clearly, it is not an ordinary and necessary business expense, personal to him, as contemplated by the statute. It is, perhaps, unfortunate that one who has voluntarily discharged an obligation for taxes of a concern with which he was once connected, not because he was personally liable therefor, but wholly from motives of honesty and fair dealing, should not be permitted to secure the advantage against his own tax liability of the amount so paid, but it is our understanding of the law that such a deduction is denied to him.

The deductibility of the amount of $750, paid by petitioner as expense in contesting the deficiency asserted against the dissolved corporation, must be determined upon the same basis. This expense was incurred by him in a case which he voluntarily entered and in which he was not personally liable; therefore, it is not deductible as an ordinary and necessary business expense. Counsel calls attention to the fact that in the *O'Neal* case, *supra*, the expenses incurred in contesting the deficiency asserted against the corporation were held to be deductible. However, in that case, the petitioner was personally liable for the tax due from the corporation and the expenses were therefore necessary. That is not so in the case at bar.

*Judgment will be entered for respondent.*