G. A. COMEAUX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12010. Promulgated January 30, 1948.

*William H. Quealy, Esq.,* and *H. C. Castor, Esq.,* for the petitioner.
*Gene W. Reardon, Esq.,* and *Harlow B. King, Esq.,* for the respondent.

206

VAN FOSSAN, *Judge*: This case is a companion case with *Max Cohen*, 9 T. C. 1156, and *Robert L. Carnahan*, 9 T. C. 1206. Although tried and submitted on the same record and, in some respects inextricably interlocked with the cited cases, the issues differ. The first is the matter of protection payments.

We have found in effect that Cohen and Carnahan held themselves out as vendors of protection and actually undertook to provide such protection to the illegal business of the Lawrence Commission Co. These conclusions are supported by the direct testimony of various witnesses and corroborated by all reasonable inferences. See *Max Cohen, supra,* and *Robert L. Carnahan, supra.* When asked about the operation of night clubs in Sedgwick County and the payment of money for protection, one of the operators replied significantly: "I don't know nothing." Such a statement, so made, is pregnant with the unrevealed truth. As observed in the *Carnahan* case, "All reasonable inferences from the situation tend to support the testimony that no 'place' could operate in Sedgwick County without paying Cohen. To pay Cohen was to pay Carnahan." The facts surrounding the operations of the Lawrence Commission Co. lead us to conclude that, albeit Cohen may have "bank rolled" the business, the split of the profits with Cohen and Carnahan was a payment for protection by petitioner, the owner of the business. Petitioner testified that the bank roll was an "advancement" which was always paid back before the split of profits with Cohen. Petitioner represented himself as the owner of Lawrence Commission Co. and filed his returns as such, claiming deduction for the payments to Cohen, sometimes as "commissions paid," other times without designation. The attempt of petitioner to establish that a partnership existed between petitioner, Cohen, and Carnahan failed completely. Petitioner's counsel concedes that payments for protection are not deductible. The consequence is that the respondent did not err in adding to petitioner's income the sums paid to Cohen and allocated by the accountant to Cohen and Carnahan.

The second issue relates to the deduction of salaries and miscellaneous expenses, the "legitimate expenses of an illegitimate business." The amount of such items is not in dispute. These expenses were incurred in earning the income reported by petitioner or attributed to him by respondent. In *Anthony Cornero Stralla,* 9 T. C. 801, at 821, this Court recognized that such expenses are deductible, in contradistinction to those expenses which are not deductible because contrary to public policy. We said: "The expenditures here in issue were not made in the actual production of the income; deduction of expenses of that character has been allowed." The income tax law is not a tax on gross income, even if the income be earned in an illegal business. *Commissioner* v. *Heininger,* 320 U. S. 467. The deduction of such expenses depends on the innate character of the item itself. Thus, the protection expenses have been disallowed as being contrary to sound public policy or proscribed types of conduct. But items not so to be characterized may be deductible. The distinction may at first seem nebulous, but it is nonetheless real. The items now under dis-

cussion are in the latter category and are allowable deductions. The amounts appear in the findings of fact.

The third issue presents the question of fraud. Unless fraud be found for the years, further action by the respondent for the years 1938, 1939, and 1940 is barred by the statute of limitations. In our findings of fact we have held that petitioner was guilty of fraud for all of the years here involved. The evidence shows that petitioner failed to report large items of income; that he claimed large deductions which were without the law and by his returns he did not reveal the truth of his income, but, on the contrary, undertook to mislead and deceive the respondent. The long record in this case is impregnated throughout with evidence of fraudulent conduct, so extensive as to make repetition of the several facts relied on, unnecessary. As noted, we have held as a fact that petitioner filed fraudulent returns for each of the years here involved. Respondent's action in assessing penalties is therefore approved. See *Murray Humphreys*, 42 B. T. A. 857, p. 863.

The above disposition of the fraud issue makes unnecessary a discussion of the fourth or alternative issue.

*Decision will be entered under Rule 50.*