C. W. THOMAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 26322.    Promulgated June 22, 1951.

*G. W. Dandelake, Esq.*, for the petitioner.
*Ralph Bradbury, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $1,469.09 in income tax of the petitioner for 1946. The only issue is whether the Commissioner erred in disallowing a deduction of $5,763.51, representing attorneys' fees paid in 1946 in the unsuccessful defense of a criminal indictment. The facts have been stipulated.

The petitioner filed his individual return for 1946 with the collector of internal revenue for the district of Florida. He reported adjusted gross income of $11,494.60 from interest and rent. He claimed a deduction of $5,763.51 for "Attorneys' Fees for Criminal Defense in connection with prior year's business." The Commissioner disallowed the deduction in determining the deficiency.

The petitioner was engaged in operating an automobile service station in Gainesville, Florida, during a part of 1946 and several prior years. He was also engaged during that time in operating a gambling game known as Bolita. The service station was operated mainly to hide the gambling activity. The petitioner was indicted in the early part of 1946, was tried, convicted, and sentenced to the state penitentiary for his gambling operations. He employed attorneys to defend him and incurred the attorneys' fees now in controversy.

The petitioner states that his business was illegal, it made him subject to criminal prosecution, and he could expect to be prosecuted. He argues that the attorneys' fees to prevent the destruction of the business and to protect his personal liberty were ordinary and neces-

sary expenses paid or incurred in carrying on that business, deductible under section 23 (a) (1) (A). The fees were not incurred in the actual production of the income of the illegal business and did not enable him to continue his gambling business. Cf. *Commissioner v. Heininger*, 320 U. S. 467; *B. E. Levinstein*, 19 B. T. A. 99; *Wolf Manufacturing Co.*, 10 B. T. A. 1161; *Anthony Cornero Stralla*, 9 T. C. 801; *G. A. Comeaux*, 10 T. C. 201, affd., 176 F. 2d 394. The petitioner would reduce the cost of unsuccessfully defending himself against a criminal charge by deducting the expense from his taxable income and thus, in effect, have the Federal Government assist in his defense. The allowance of a deduction would be against public policy. The amount is not an ordinary and necessary expense of any business regularly carried on by the taxpayer. Cf. *Anthony Cornero Stralla*, *supra*; *G. A. Comeaux*, *supra*.

*Decision will be entered for the respondent.*