Hiram E. (H. E.) Bowles v. Commissioner.
Bowles v. Commissioner
Docket No. 34396.
United States Tax Court
T.C. Memo 1954-55; 1954 Tax Ct. Memo LEXIS 194; 13 T.C.M. (CCH) 510; T.C.M. (RIA) 54161; May 28, 1954, Filed Getto McDonald, Esq., and Hugh P. Quinn, Esq., for the petitioner. Mark Townsend, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined a deficiency of $1,421.45 in the petitioner's income tax for the year 1946. The issue presented is the correctness of the respondent's action in determining that the petitioner was not entitled to a deduction for a loss suffered by him as a result of the confiscation by law enforcing officers of his investment in a club selling intoxicating liquor in violation of the laws of Kansas. Findings *195 of Fact The petitioner is an individual residing in Tucson, Arizona. During the taxable year he was a resident of Wichita, Kansas, and filed his Federal income tax return with the collector of internal revenue for the district of Kansas. In August 1946, Edward T. Sickler approached the petitioner and offered him a business proposition. Sickler told the petitioner that he had a desirable location to sell intoxicating liquor but did not have the initial investment to acquire the fixtures and inventory to open the business. The proposition was discussed by the parties and an agreement was reached whereby Sickler was to operate the club and, after all expenses were paid, the petitioner was to have his initial investment returned to him and any profit would be divided equally between them. Petitioner invested $2,800 in the joint venture. In addition to the $2,800 petitioner invested, Sickler mortgaged his car for $700 and invested $500 of this sum in the venture. Sickler acquired a Federal liquor stamp in his name, paid the rent on the building, bought a water cooler, had the utilities turned on, put in the shelving, hired the help and purchased the initial merchandise. Petitioner *196 took no part in the operation of the venture, as he was in poor health. The club, known as The 306 Club, was opened in Wichita, Kansas, on September 5, 1946, by Sickler. The petitioner knew that the operation of this establishment was in violation of the laws of the State of Kansas which prohibited the sale of intoxicating liquors. Receipts from the sale of liquor were used to purchase additional liquor. On September 19, 1946, the sheriff's office of Sedgwick County, Kansas, raided the club and confiscated all the liquor on the premises. After the raid Sickler was served with a warrant for his arrest. Subsequently, the case against Sickler was dismissed for lack of evidence. None of the liquor seized in the raid was ever returned to Sickler or the petitioner, and they made no attempt to recover any of the liquor. No compensation was ever received for the confiscated liquor. Gross receipts for the two weeks the venture was in operation totaled $1,200. Sickler paid the rent on the club for two additional months after the raid but never reopened for business. The petitioner claimed a deduction in the amount of $2,800 as a loss of investment in The 306 Club. The deduction was disallowed *197 by the respondent. Opinion The petitioner contends that the amount he invested in The 306 Club is deductible as a loss under the provisions of section 23(e) of the Internal Revenue Code. He is cognizant of the rule which denies the allowance of expenses and losses where such allowance would be contrary to wellestablished public policies, Lilly v. Commissioner, 343 U.S. 90, but contends (1) that such rule is inapplicable here because there has been no conviction of himself or Sickler and, therefore, there is no public policy to offend; (2) that the property confiscated was not the petitioner's; and (3) that, even if we find the running of the business was contrary to public policy, we may disallow only $1,400, the cost of the liquor which was confiscated. This Court recently decided that the public policy rule barred the allowance of such a deduction. G. E. Fuller, 20 T.C. 308, affd. (C.A. 10, April 29, 1954) 213 Fed. (2d) 102. The petitioner is aware of this case but believes the contentions he has made distinguish the Fuller case from the case at bar. Statutes of Kansas provide that, under penalty of fine or imprisonment, *198 it shall be unlawful to sell intoxicating liquor. Kan. Gen. Stat. 1935, sec. 21-2101. While petitioner did not testify, he is presumed to know, and we have found as a fact that he did know, the operation of this business was in violation of the laws of Kansas. The fact that petitioner was not convicted is of no consequence as it is not denied he was a member of a venture selling intoxicating liquors in a state where to do so was prohibited by law. The mere possession of intoxicating liquor is offensive to the public policy of Kansas. See sec. 21-2108, Kan. Gen. Stat. 1935. [1]
Petitioner can find no solace in his second contention either, as we are convinced he knew what his investment was to be used for. There is no indication that petitioner's investment was a loan. He was to share in the profits, and there is no doubt in our minds that he was a member of the joint venture. Lastly, petitioner contends that only $1,400 should be disallowed as a deduction as that was the cost of the liquor. Sickler, the other member of the joint *199 venture, has testified that he thought he paid for the liquor. In so doing, he has attempted to segregate the cost of the confiscated liquor from the legitimate expenses of an illegitimate business. Petitioner asks us to allow a deduction for these legitimate expenses. See G. A. Comeaux, 10 T.C. 201, affd. 176 Fed. (2d) 394. The record shows that petitioner invested $2,800 in the venture, that Sickler invested $500 from the money he received from the mortgage on his car, and that the gross receipts were approximately $1,200. These amounts total $4,500. Sickler also testified that he spent $3,100 for liquor and $3,100 for equipment, rent, wages and incidental expenses. These amounts total $6,200. Sickler gave no explanation as to how his expenditures could exceed his receipts by $1,700. He testified that he had no way of telling how many cases of liquor were confiscated but merely guessed that fourteen to eighteen cases were taken, and that the prices for the liquor ranged from $95 to $125 a case. Although Sickler also testified that he entered the cost of the liquor on a ledger sheet, petitioner has not offered the ledger sheet in evidence. This evidence *200 is vague, inconclusive, indeterminative and unconvincing, yet it is the only basis petitioner has shown for the holding he asks of us. We conclude that petitioner has not sustained his burden of showing the cost of the legitimate expenses of this illegitimate business. Decision will be entered for the respondent. Footnotes
1. 21-2108. Supplemental nature of bone-dry law. This act shall be considered as supplemental to laws now in force relating to intoxicating liquors.↩