Fred N. Acker v. Commissioner.
Acker v. Commissioner
Docket No. 53555.
United States Tax Court
T.C. Memo 1957-17; 1957 Tax Ct. Memo LEXIS 238; 16 T.C.M. (CCH) 89; T.C.M. (RIA) 57017; January 28, 1957
*238 1. In 1947, a loan which petitioner had made to a corporation, of which he was a stockholder, became worthless; in 1948, petitioner made good on his guaranty of another corporation's loan. He was not in the business of financing corporations. Held, respondent properly allowed the deduction of such worthless debts as nonbusiness bad debts. 2. In 1947, 1948, and 1949, petitioner paid certain real property taxes owed by a corporation of which he was the sole stockholder. Held, such tax payments were not deductible by him under section 23(c). 3. In 1950, petitioner incurred legal expenses and bond costs in his unsuccessful defense of a criminal prosecution. Held, such costs were not deductible expenses. 4. Held, petitioner showed no reasonable cause excusing his failure to file declarations of estimated tax in 1947, 1948, 1949, and 1950, and the respondent properly imposed additions to tax for his failure to file such declarations and for his substantial underestimate of estimated tax. 5. Held, the taxes and additions thereto sought to be imposed are not so excessive as to constitute a deprivation of property without due process of law within the proscription of the Fifth Amendment *239 of the Constitution. Fred N. Acker, 1009 Rockwell Avenue, Cincinnati, Ohio, pro se. John J. Larkin, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion This proceeding involves the following deficiencies in income tax and additions thereto: Additions to Tax
Income
Sec.
Sec. 294
Sec. 294
Year
Tax
291(a)
(d)(1)(A)
(d)(2)
1947
$1,552.01
$388.00
$155.20
$ 93.12
1948
2,878.20
719.55
356.54
213.92
1949
1,215.36
342.09
151.16
90.70
1950
942.01
144.40
86.64
The issues to be decided are: (1) Whether respondent erred in determining that losses sustained by petitioner in 1947 and 1948 were deductible only as nonbusiness bad debts; (2) whether the respondent erred in determining that *240 certain real estate taxes paid by petitioner in 1947, 1948, and 1949 were not allowable deductions under section 23(c) of the 1939 Code; (3) whether respondent erred in disallowing a deduction of $2,290 incurred by petitioner in 1950 for legal fees and a bond in connection with a legal proceeding; (4) whether there was reasonable cause excusing petitioner's failure to file declarations of estimated tax during each of the years in issue; and (5) whether the taxes and additions thereto sought to be imposed are so excessive as to constitute a taking of property without due process of law within the meaning of the Fifth Amendment of the Constitution. Some of the facts were stipulated. Findings of Fact The stipulated facts are so found and are incorporated herein by this reference. The petitioner, an attorney, was a resident of Cleveland, Ohio, during the years in issue. His returns for the years 1947, 1948, and 1949 were filed on October 2, 1952; his return for the year 1950 was filed on April 16, 1951. All such returns were filed with the former collector of internal revenue for the eighteenth district of Ohio. In addition to his practice of law, petitioner, during the years *241 in issue, was a stockholder or officer in several corporations. In 1947, he loaned one corporation in which he owned stock, $8,500, which loan became worthless during the year. He deducted such loss in full on his return for 1947. In determining the deficiencies herein, the respondent allowed the deduction of the loss as a nonbusiness bad debt. In 1948, petitioner was forced to make good on his guaranty of the note of another corporation of which he was a stockholder, in the amount of $3,465.49. On his return for 1948, he deducted such payment in full. In determining the deficiencies herein, the respondent allowed the loss as a nonbusiness bad debt. In 1947, 1948, and 1949, petitioner paid taxes in the respective amounts of $990.86, $5,668.07, and $4,642.14 on certain land, the title to which was held by the Hall Road Land Company, a corporation. During those years, certain lots owned by the corporation were sold and the purchasers made payment to the corporation. Petitioner was the sole stockholder of the corporation and endorsed the checks in its name. A gain was realized on such sales but was not reported by petitioner on his income tax returns for such years. In determining *242 the deficiencies herein, respondent disallowed the deductions of the real estate taxes paid by petitioner. In 1950, petitioner was convicted and imprisoned for willful failure to file an income tax return for the year 1946. In connection with his defense, petitioner incurred legal fees in the amount of $2,200 and a bond cost of $90. Petitioner deducted such sums on his return for 1950. In determining the deficiencies herein, respondent disallowed such deductions. Petitioner was not in the business of making loans to or guaranteeing loans of corporations during the years in issue. Petitioner did not file declarations of estimated tax during any of the years in issue and failed to show reasonable cause excusing such failure to file. Opinion RICE, Judge: Petitioner appeared at the hearing in this case but filed no brief; nor did he ask for an extension of time within which to do so within the original time granted by the Court. At the close of the hearing, he stated: "I would be glad to have you rule against me on all of these things as a practical proposition because the more you rule against me the better my constitutional question becomes. And the amount of money involved *243 does not concern me one whit. But if I am going to go ahead with this case, I cannot have loose ends to say that I permitted the Government to take a judgment against me merely to create a special situation, and for that reason I am setting up the hardcore facts * * *." Hence, although petitioner has not filed a brief, we do not deem the several issues with respect to the deficiencies to have been waived or conceded by him. As to the issues with respect to the deduction of bad debt losses in 1947 and 1948 and the deduction of real estate taxes in those two years and in 1949, petitioner failed to carry his burden of proof. He offered no evidence except his own brief and wholly inadequate testimony as to the full facts surrounding both issues. Petitioner did not show that he was in the business of lending money to or financing corporations. The loss which he sustained in 1947 on the $8,500 loan to a corporation in which he was a stockholder is therefore deductible only as a nonbusiness bad debt. Charles G. Berwind, 20 T.C. 808 (1953), affd. 211 Fed. (2d) 575 (C.A. 3, 1954); Jan G. J. Boissevain, 17 T.C. 325 (1951). So also with respect to the *244 loss sustained on his payment on the guaranty of the note of another corporation in 1948. Petitioner did not show that he was in the business of guaranteeing the loans of corporations, and the loss sustained by him in that year is deductible only as a nonbusiness bad debt. Peter Stamos, 22 T.C. 885 (1954); George Aftergood, 21 T.C. 60 (1953); Kate Baker Sherman, 18 T.C. 746 (1952). The respondent determined that the real estate taxes which petitioner paid in 1947, 1948, and 1949 were taxes paid on property owned by a corporation. Petitioner claimed that the corporation was a defunct entity but he nevertheless testified that it held title to land during the years in issue, sold such land, and received payment therefor in its name. He failed to prove his allegation that the corporation was merely his nominee, and the respondent's determination that his payment of taxes due by it was not deductible by him is sustained. Sigmund Spitzer, 23 B.T.A. 776 (1931). With respect to the legal fees and bond cost paid by petitioner in 1950 in his unsuccessful defense of the criminal action against him for failure to file an income tax return *245 in 1946, he argues that such expenses were incurred to protect his reputation as an attorney and that his defense enhanced that reputation. That may be true; but, if so, it is only an incidental result of the fact that the expenses were incurred in the unsuccessful defense of a criminal action and are therefore nondeductible. C. W. Thomas, 16 T.C. 1417 (1951); Anthony Cornero Stralla, 9 T.C. 801 (1947); cf. Commissioner v. Heininger, 320 U.S. 467 (1943). Petitioner showed no reasonable cause excusing his failure to file declarations of estimated tax as required, and the additions to tax determined by the respondent under section 294(d)(1)(A) are accordingly sustained. We think petitioner's argument, stated in his petition, that the requirements of that section are beyond the powers granted to Congress because it implies power of prophesy on the part of a taxpayer is wholly without merit. Where no declarations of estimated tax are filed, the estimate is deemed to be zero and the respondent properly imposed additions to tax under section 294(d)(2) for substantial underestimate of estimated tax. Marvin Maxey, 26 T.C. 992, filed August 31, 1956. *246 The petitioner attacked the imposition of the deficiencies and additions to tax here in issue on the grounds that the taxes proposed to be assessed against him are beyond the powers granted to Congress in Article I, Section 8 of the Constitution. This, he says, is so because the taxes sought to be imposed are so excessive as to constitute a confiscation of property without due process of law within the proscription of the Fifth Amendment. We think that argument without merit. It has long been recognized that where a taxing statute is within the power of Congress to enact, as clearly the Internal Revenue Code is, the fact that the rates provided thereunder may be excessive, confiscatory, or destructive does not invalidate the taxing act. McCray v. United States, 195 U.S. 27 (1904); Clairmont L. Egtvedt, 112 Ct. Cl. 80 (1948); John A. Gebelein, Inc. v. Milbourne, 12 Fed. Supp. 105 (D. Md., 1935); Towne v. M'Elligott, 274 Fed. 960 (S.D.N.Y., 1921). Decision will be entered for the respondent.