CHESTERFIELD TEXTILE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

SAM NOVICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 56542, 56543. Filed January 13, 1958.

*Vincent B. Lewin, Esq.*, for the petitioners.
*Martin D. Cohen, Esq.*, for the respondent.

**OPINION.**

OPPER, *Judge:* As to the deficiencies against the petitioner corporation, Chesterfield, and with respect to the years 1943 and 1944, the evidence seems to us clearly to establish fraud. This is virtually admitted by the attempt made in the 1945 return to include unreported sales for all 3 years. Respondent has established that a total of almost $129,000 in cash sales,[3] which were not recorded on peti-

---

[3] Receipts from unrecorded sales, some after discount (as enumerated in the findings)·

### FISCAL 1943.

| | | |
|---|---|---|
| February 25 | R. Stein | $2,019.17 |
| March 18 | Studios, Inc | 823.07 |
| March 25 | International Furniture Co | 8,580.20 |
| March 25 | International Furniture Co | 4,382.36 |
| March 26 | Nelson Bros | 2,072.27 |
| March 30 | Spear & Co | 2,834.01 |
| April 14 | International Furniture Co | 184.83 |
| | Warwick Furniture Manufacturing Co | 18,195.33 |
| Total | | 39,091.24 |

### FISCAL 1944.

| | | |
|---|---|---|
| November 1943 | Penn Furniture Co | 6,000.00 |
| May 1, 1944 | Penn Furniture Co | 5,000.00 |
| | Warwick Furniture Manufacturing Co | 14,627.49 |
| | Sanbern, Inc | 5,007.00 |
| Total | | 30,634.49 |

### FISCAL 1945.

| | | |
|---|---|---|
| October 20, 1944 | Penn Furniture Co | 3,229.00 |
| *1945* | | |
| November 9 | Mayflower Industries | 3,450.00 |
| November 22 | Mayflower Industries | 1,848.76 |
| November 22 | Mayflower Industries | 1,256.10 |
| January 31 | Mayflower Industries | 5,632.26 |
| | Van Den Berg Brothers | 26,000.00 |
| March 3 | Mayflower Industries | 5,147.06 |
| | Penn Furniture Co | 4,000.00 |
| April 5 | Bernard Fels, Inc | 2,000.00 |
| | Sanbern, Inc | 6,350.00 |
| Total | | 58,913.18 |
| Grand total | | 128,638.91 |

tioner's books nor reported on its tax returns, were actually made. Of these, some $39,000 apply to 1943 and over $30,000 to 1944. The receipt of such large amounts of income for several years, without an adequate explanation of the failure to include them on the returns, alone strongly evidences fraudulent intent. *Arlette Coat Co.*, 14 T. C. 751; *Max Cohen*, 9 T. C. 1156, affd. (C. A. 10) 176 F. 2d 343. We think there can accordingly be no question that the returns involved were false and fraudulent with intent to evade tax and that, consequently, the statute of limitations is no bar to the conclusion that deficiencies exist for those years. *Hugh B. Monjar*, 13 T. C. 587; *G. A. Comeaux*, 10 T. C. 201, affd. C. A. 10) 176 F. 2d 394.

To borrow the language of respondent's brief, "Fiscal 1945 admittedly presents a difficult problem." For that year petitioner Chesterfield reported on the return which it ultimately filed an amount of unrecorded sales in excess of the proved by respondent. But at the same time, the cost of goods sold was increased by asserted cash purchases in the amount of $80,000. This on its face was a misrepresentation since according to petitioners' own position, the cash purchases were meant to apply to the cash sales on the theory that the computed markup was 25 percent and that, consequently, $100,000 of sales would indicate $80,000 of purchases. But the sales in question were concededly intended to apply not alone to 1945 but to the preceding 2 years so that the cash purchases reported for 1945 were on their face excessive for that year alone.

Entirely apart from this, however, petitioners submitted to respondent an affidavit purporting to state in detail the sources of these cash purchases. As appears in greater detail in our findings, not less than $43,000 of the supposed purchases were stated under oath to have come from U. S. Pillow Corp. The uncontradicted evidence is that nothing was purchased by petitioner Chesterfield for cash from U. S. Pillow Corp. in 1945 and that the total purchase from this source was less than $6,000. We are forced to conclude that the affidavit filed on behalf of petitioners was completely false, and the only logical inference is that it was part of a plan for the fraudulent evasion of income taxes due for 1945. Of course, the fact that this was an overstatement of cost, rather than an understatement of income offers no comfort to petitioner. *G. A. Comeaux, supra* at 208. Even if there were nothing more, we should accordingly be forced to conclude that the 1945 return, as well as those for 1943 and 1944, was false and fraudulent and designed to evade the taxes legitimately due. This conclusion is less difficult to reach in view of the amply demonstrated fraud involved in the 2 prior years.

Our finding that the returns of the petitioner corporation were false and fraudulent for the 3 years involved does not rest solely upon

the factors already described. Numerous other indications, almost too many to recount, are also present. They are stated in detail in our findings. Without suggesting that the statement is at all complete, there are such items as the insistence that purchasers pay cash; the numbering out of their regular order of the invoices for such sales; the request in at least one instance that the purchaser also maintain falsified records; erasures of items on bank statements; and concealment from, and false and inconsistent statements to, the investigating agents. See *Lillian Kilpatrick*, 22 T. C. 446, affd. (C. A. 5) 227 F. 2d 240.

For similar reasons, not only the deficiency but the additions to tax for fraud must also be approved.

We have made the finding that the individual petitioner received one-half of the unreported income of the corporate petitioner because it is clear to us from respondent's proof that Novick received and retained large amounts of unreported cash and other assets resulting from these transactions, thereby indicating, in the absence of an adequate explanation, that the return was fraudulent, *Arlette Coat Co., supra; Frank A. Weinstein*, 33 B. T. A. 105; because he pleaded guilty to a charge of tax evasion for 1943, *Bennett E. Meyers*, 21 T. C. 331; and because, since the statute of limitations is no longer a bar under such circumstances, the Commissioner's determination becomes presumptively correct and the amount determined to have been received must, for purposes of the deficiency, be assumed to have been correct, absent credible contrary evidence. *Leonard B. Willits*, 36 B. T. A. 294; *Max Cohen, supra*.

On the entire record, the result is inescapable that because both petitioners filed false and fraudulent returns with intent to evade tax, the statute of limitations is inapplicable; that no adequate evidence to overcome the presumptive correctness of the determination having been produced, the deficiencies must be approved; and that part of each deficiency is due to fraud, thus supporting the additions to tax under section 293 (b).

The final question is petitioner Novick's liability for a 1945 addition to tax under section 291 (a) for delinquency in filing his return. The issue is whether a document concededly filed within the permissible period constitutes the "return" intended by that section. The paper filed by him, purporting only to be "tentative," failed to include his correct gross income, or any deductions, or credits.

Under the facts disclosed by this record we fail to see how this document can be considered the return required by section 51, I. R. C. 1939. Not only was the paper designated as "tentative" but petitioner requested and secured extensions of time within which to file his return. Even so, he failed to file anything else until long after the last exter-

sion had expired, and when the return was finally filed it was not stated to be an amended return, but rather appeared on its face to be the return which petitioner himself considered to be required. We cannot say under these aggravated facts that petitioner's course of action or the "tentative return" filed by him "evinces an honest and genuine endeavor to satisfy the law." *Zellerbach Co.* v. *Helvering*, 293 U. S. 172, 180. See also *National Contracting Co.*, 37 B. T. A. 689, affd. (C. A. 8) 105 F. 2d 488. No effort having been made to show any "reasonable cause" for failure to file on time, the addition to tax was proper.

Reviewed by the Court.

*Decisions will be entered for the respondent.*

WITHEY, *J.*, dissents.