**Walter W. PORT and Alice A. Port**

v.

**UNITED STATES.**

No. 526-57.

United States Court of Claims.
July 16, 1958.

Valentine Brookes, San Francisco, Cal., Arthur H. Kent, Paul E. Anderson and Kent & Brookes, San Francisco, Cal., on the brief, for plaintiffs.

Robert Livingston, Washington, D. C., with whom was Charles K. Rice, Asst. Atty. Gen., James P. Garland, Washington, D. C., on the brief, for defendant.

JONES, Chief Judge.

The question is whether certain expenditures for legal services incurred

by plaintiff Walter Port[1] are deductible as ordinary and necessary business expenses under § 23(a) (1) or as nontrade or nonbusiness expenses under § 23(a) (2) of the Internal Revenue Code of 1939, 26 U.S.C. § 23(a) (1, 2)[2]. The Government resists the deduction primarily on the basis of § 24(a) (1) of the Code, 26 U.S.C. § 24(a) (1)[3]. The facts are not in dispute.

Plaintiff is a duly licensed medical doctor in the State of California. In 1952, he was indicted under 26 U.S.C. § 145 (b)[4] for willful evasion of the Federal income tax laws, a felony, it being alleged that his professional earnings had been understated. In November 1952, he was tried, but the jury was unable to agree upon a verdict. At a second trial, in January 1953, plaintiff was convicted. His defense in both trials was absence of willfulness. Plaintiff was sentenced to serve a term of six months in a Federal prison and to pay a fine of $10,000. Both parts of the sentence were carried out. Plaintiff expended $20,750 in attorney's fees for his defense in these proceedings and it is the deduction of this sum which is here in controversy.

Under California law, conviction of a felony, or of any offense involving moral turpitude, constitutes unprofessional conduct for which a medical doctor's license may be suspended or revoked. Subsequent to the conviction, the Board of Medical Examiners of the State of California took action which amounted to the suspension of plaintiff's license for thirty days and his being placed on probation for three years. Plaintiff has now resumed his medical practice.

■ Plaintiff argues that since conviction of the crime with which he was charged could result in the revocation of his medical license, thereby destroying his "business" entirely, amounts spent in resisting such conviction should be considered ordinary and necessary business expenses. Of course, the difficulty is that the taxpayer could make the same argument with respect to almost any criminal charge that might be brought against him, even such obviously "personal" charges as murder or robbery. It has never been understood that it is the *effect* of a transaction upon one's business or income-producing property that governs deductibility under §§ 23(a) (1) or 23(a) (2). Kornhauser v. United States, 1928, 276 U.S. 145, 48 S.Ct. 219, 72 L.Ed. 505; Lykes v. United States, 1952, 343 U.S. 118, 72 S.Ct. 585, 588, 96 L.Ed. 791. Rather, deductibility of expenses under these sections is governed by a deter-

---

1. Plaintiff Walter Port's wife is co-plaintiff since a joint return was filed. For convenience we refer to Mr. Port as the plaintiff.

2. "§ 23. Deductions from gross income.
"In computing net income there shall be allowed as deductions:
"(a) Expenses.
"(1) Trade or business expenses.
"(A) In general. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *
 *  *  *  *  *
"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income, or for the management, conservation, or maintenance of property held for the production of income."

3. "§ 24. Items not deductible—(a) General rule.
"In computing net income no deduction shall in any case be allowed in respect of—
"(1) Personal, living, or family expenses, except extraordinary medical expenses deductible under section 23(x)."

4. "Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, be fined not more than $10,000, or imprisoned for not more than five years, or both, together with the costs of prosecution."

mination of their *cause* and "turns wholly upon the nature of the activities to which they relate." Lykes v. United States, supra, 343 U.S. at page 123, 72 S.Ct. at page 588.

The rule governing the present case is simply stated:

" * * * where a suit or action against a taxpayer is directly connected with, or, as otherwise stated * * *, [has] proximately resulted from, his business, the expense incurred is a business expense * * *. [Kornhauser v. United States, supra, 276 U.S. at page 153, 48 S.Ct. at page 220.]"

Proximate cause governs, as well, the deductibility of expenses under § 23(a) (2). Bingham's Trust v. Commissioner, 1945, 325 U.S. 365, 65 S.Ct. 1232, 89 L.Ed. 1670.

Deduction of legal expenses incurred in a criminal proceeding which resulted in the conviction of the taxpayer has been uniformly denied. Norvin R. Lindheim, 2 B.T.A. 229 (1925); Estate of John W. Thompson, 21 B.T.A. 568 (1930); Burroughs Building Material Co. v. Commissioner, 2 Cir., 1931, 47 F.2d 178; C. W. Thomas, 1951, 16 T.C. 1417; Thomas A. Joseph, 1956, 26 T.C. 562. Plaintiff has not referred us to, nor have we been able to find, any case to the contrary. Plaintiff does, however, rely heavily upon Commissioner of Internal Revenue v. Heininger, 1943, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171, as being contrary in spirit to the lower court decisions.

In Heininger, the taxpayer was a dentist who conducted his business almost entirely by mail. The postmaster, pursuant to 39 U.S.C.A. §§ 259 and 732, issued civil fraud orders under which taxpayer's mail was stamped "fraudulent" and returned to him. The taxpayer contested the validity of the postmaster's action in the courts. Ultimately the postmaster's action was sustained. The question before the Supreme Court was whether the legal expenses incurred by the taxpayer in contesting the postmaster's action were deductible as ordinary and necessary business expenses.

The Government did not deny that the litigation expenses would have been ordinary and necessary business expenses had the taxpayer been successful in attacking the postmaster's action. The only question was whether there was any public policy which required that deduction of such expenses be denied since the taxpayer had in fact been found "guilty" of fraudulent conduct in his business. The Supreme Court held that there was no such public policy and allowed the deduction. Cf. Tank Truck Rentals, Inc., v. Commissioner, 1958, 356 U.S. 30, 78 S.Ct. 507, 2 L.Ed.2d 562.

The concession which the Government made in Heininger is precisely the concession that it refuses to make here, that is, that the present plaintiff's legal expenses proximately resulted from, and were directly related to, his "business" or the "management, conservation, or maintenance of property held for the production of income." Nor do we believe that such a finding by us would be justified.

The proceedings in the present case did not constitute an attack upon plaintiff's business, neither did they seek necessarily to destroy his business nor did they arise from a criminal characterization of his business practices. The expenses incurred were not made necessary by the nature of the taxpayer's business. Cf. Commissioner of Internal Revenue v. People's-Pittsburgh Trust Co., 3 Cir., 1932, 60 F.2d 187.

The business of the plaintiff was the practice of medicine. The expenses which he seeks to deduct were incurred in defense of a criminal action brought against him as an individual to impose personal punishment for his wrongdoing. We may concede that conviction of this charge, as in the case of any serious criminal charge, could effectively deprive the accused of his trade or business for a long period of time, perhaps permanently. Indirectly, conviction of these charges could, if the punishment were

sufficiently severe, deprive the accused of all, or a substantial part of his income or income-producing property. But, obviously we cannot for these reasons say that the expenses were proximately caused by the taxpayer's business or his management of property. On the contrary, they were most directly related to, and were proximately caused by, his personal misconduct and wrongdoing. They cannot, therefore, be characterized as "business" expenses within the meaning of § 23(a) (1) or as expenses for the management of property within the meaning of § 23(a) (2).

Accordingly, defendant's motion for summary judgment will be granted and plaintiffs' similar motion denied. Plaintiffs' petition will be dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.