**Harry L. PECKHAM, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Respondent.**

**No. 9118.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 8, 1963.

Decided Feb. 6, 1964.

Joseph J. Lyman, Washington, D. C.,
for petitioner.

Ralph A. Muoio, Attorney, Department
of Justice (Louis F. Oberdorfer, Asst.
Atty. Gen., Lee A. Jackson and Melva M.
Graney, Attorneys, Department of Jus-
tice, on brief), for respondent.

Before BELL, Circuit Judge, and
BUTZNER, District Judge.

BUTZNER, District Judge.

The taxpayer has appealed from a deci-
sion of the Tax Court of the United
States [1] disallowing as a deduction for in-
come tax purposes legal fees and expenses
paid by him in the unsuccessful defense
of a criminal prosecution.

The taxpayer was a licensed physician
practicing in Washington, D. C. In 1954
he was convicted of performing an illegal
abortion.[2] When he was indicted he was
of the opinion that if he were found guil-
ty his license to practice medicine would
be revoked regardless of the sentence im-
posed upon him. After his conviction his
license to practice medicine was revoked.

During the year 1954 the taxpayer ex-
pended $10,959.50 in legal fees, legal ex-
penses and other miscellaneous expenses
defending the criminal prosecution. In
his 1954 income tax return he deducted
this sum as a business expense. This
deduction was disallowed.

The taxpayer testified before the Tax
Court that his primary reason for ex-
pending the sum of $10,959.50 in his de-
fense against the indictment was to pro-

---

1. 40 T.C. 315 (1963).

2. The statute violated reads in relevant
part as follows, Title 22, District of Co-
lumbia Code, § 201 (1961 Ed.) :

"Whoever, by means of any instrument,
medicine, drug or other means whatever,
procures or produces, or attempts to pro-
cure or produce an abortion or miscar-
riage on any woman, unless the same
were done as necessary for the preserva-

tion of the mother's life or health and
under the direction of a competent li-
censed practitioner of medicine, shall be
imprisoned in the penitentiary not less
than one year or not more than ten years;
or if the death of the mother results
therefrom, the person procuring or pro-
ducing, or attempting to procure or pro-
duce the abortion or miscarriage shall be
guilty of second degree murder."

tect his license to practice medicine. The Tax Court did not find this to be a fact.

The only statute involved in this proceeding is § 162(a) of the Internal Revenue Code of 1954[3] which provides in part:

"(a) In General.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

The Tax Court, holding that the expenses were not ordinary and necessary expenses paid in carrying on any trade or business, based its decision upon two grounds: first, that the record failed to prove that the expenditure was related to the taxpayer's profession; and second, that legal expenses incurred in the unsuccessful defense of a criminal prosecution are not deductible.[4]

The taxpayer asserts that the costs of his defense were expenditures that grew out of his business or profession. He criticizes the decision of the Tax Court that legal expenses incurred in the unsuccessful defense of a criminal prosecution are not deductible. He contends that the deductibility of the expenses turns not upon the outcome of the criminal trial but upon the origin and nature of the act which resulted in the trial and the consequent legal expenditures. He does not argue that the cost of defending a criminal case is deductible if the charge has no connection with the taxpayer's trade or business. But he urges that if the criminal charge relates to the taxpayer's trade or business the cost of defending the case is deductible whether he is found guilty or innocent.

In support of this position the taxpayer relies upon Commissioner v. Heining-

er, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943), which allowed the deduction of legal fees incurred by a licensed dentist in his unsuccessful defense against a fraud order issued by the Postmaster General with respect to artificial dentures sold by mail.

The taxpayer also seeks to bring himself within the principle expressed in United States v. Gilmore, 372 U.S. 39, 49, 83 S.Ct. 623, 629, 9 L.Ed.2d 570 (1963):

"* * * we resolve * * * the question before us * * * in favor of the view that the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' and hence whether it is deductible under [Section 162(a)]."

We find no need to examine that portion of the Tax Court's decision relating to the disallowance of the deduction solely because the taxpayer was convicted.[5]

We affirm the Tax Court on the ground that the record in this case fails to establish that the taxpayer's legal expenses were related to his profession. In the absence of such proof the cost of litigation can not be regarded as ordinary and necessary expenses incurred in carrying on any trade or business.

The material portions of the record show only that the taxpayer was a doctor, that he was convicted of performing an abortion, and that at the time of his indictment he was of the opinion that conviction would result in the revocation of his license. The practice of medicine is the exercise of the science and art dealing with the prevention, cure and allevia-

3. 26 U.S.C. § 162(a) (1958).

4. MacCrowe's Estate v. Commissioner, 240 F.2d 841 (4th Cir. 1956) (attorney's fees paid by doctor convicted of abortion disallowed). Cases supporting the rule applied by the Tax Court are cited in Bell v. Commissioner, 320 F.2d 953, 956 (8th Cir. 1963).

5. After discussing the taxpayer's argument and the cases cited as authority, the Tax Court said: "Until the cases holding legal expenses paid in the unsuccessful defense of criminal prosecution are not deductible 'are unequivocally overruled we are constrained to follow them.'"

tion of diseases, injuries and infirmities. There is no evidence in the record that the abortion which the taxpayer was charged with performing had anything to do with his practice of medicine. As the Tax Court, in its opinion clearly pointed out: "Certainly a physician might be indicted for committing criminal abortion either for acts directly related to his practice of medicine or for acts unrelated thereto." [6]

The taxpayer places great reliance upon that portion of the District of .Columbia Statute which exempts from criminal liability a person performing an abortion when "necessary for the preservation of the mother's life or health and under the direction of a competent licensed practitioner of medicine * * *." [7] The record, however, fails to show that the abortion was performed under these circumstances. We are not confronted in this record with the situation of a doctor whose professional judgment is challenged in a criminal court.

The taxpayer has not sustained the burden of proof that his legal expenses were connected with carrying on his business or profession. Tax Ct.R. 32, Reinecke v. Spalding, 280 U.S. 227, 50 S.Ct. 96, 74 L.Ed. 385 (1930). In this respect the case differs from Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943) where the record did show that the legal expenses were directly connected with carrying on a business.

The opinion of the taxpayer that his license to practice medicine would be revoked if he were found guilty is not controlling. Port v. United States, 143 Ct.Cl. 334, 163 F.Supp. 645 (Ct.Cl. 1958). The Tax Court refused to find as a fact that the taxpayer's primary purpose in making the expenditure was to protect his license. Moreover, the origin and character of the claim, and not the consequences, determine the deductibility of the expense. United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed. 2d 570 (1963).

Under the facts and circumstances of this case, we cannot say that the Tax Court erred in concluding that the taxpayer's expenditures were not ordinary and necessary expenses paid in carrying on his profession.

Affirmed.

---

6. 40 T.C. 315 (1963).

7. ·Title 22, District of Columbia Code, § 201 (1961).