**Elliot FINGER and Charlotte B. Finger, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 8218.**

United States District Court
D. South Carolina,
Florence Division.

May 18, 1966.

D. Laurence McIntosh, of Wright, Scott, Blackwell & Powers, Florence, S. C., for plaintiffs.

Terrell L. Glenn, U. S. Atty., Wistar D. Stuckey, Asst. U. S. Atty., Columbia, S. C., and L. W. Vaseliades, Tax Div., Dept. of Justice, Washington, D. C., for the Government.

## ORDER

MARTIN, Chief Judge.

This matter is before the Court upon defendant's motion for summary judgment in an action for income tax refund pursuant to 28 U.S.C. § 1340. On their 1956 income tax return plaintiff, husband and wife who filed a joint return and hereinafter referred to as taxpayer, claimed as a deduction certain legal fees incurred in the defense of a civil suit brought against the husband. The taxpayer contends that the legal fees are deductible under 26 U.S.C. § 162(a) [1] as an ordinary and necessary business ex-

1. "(a) In general.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." 26 U.S.C. § 162.

pense. When the Commissioner of Internal Revenue disallowed the deduction, taxpayer paid the assessed deficiency under protest and instituted this action for refund. The sole question for decision is whether the legal fees paid by taxpayer are a personal expense or an expense incident to his business.

Under the Internal Revenue Code, § 162(a), business expenses are allowable deductions if such expenses meet the tests of the statute. Thus, expenses paid or incurred in litigation or contested matters or legal disputes generally may be business expenses if the statutory tests are met. To fall within the purview of § 162(a) such legal fees must arise in connection with the taxpayer's business and must be proximately related to such business rather than to another person's business, must not be capital expense, must be ordinary and necessary "and, in the case of an individual, must not be personal to him." 4 Mertens, Law of Federal Income Taxation, § 25.49. Also, it is not the consequences of litigation that determine the issue but rather whether litigation costs arise "in connection with the taxpayer's profit-seeking activities," i. e., whether the legal expense has a business origin. Gilmore v. United States, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed. 2d 570 (1963); United States v. Patrick, 372 U.S. 53, 83 S.Ct. 618, 9 L.Ed.2d 580 (1963). A stockbroker's costs of defense in a criminal prosecution under the Securities Act for marketing false securities is an allowable deduction since the litigation arose from the conduct of his business. Commissioner v. Tellier, 383 U.S. 687, 86 S.Ct. 1118, 16 L.Ed.2d 185, (decided March 24, 1966). So, too, a dentist whose business consisted of filling mail orders for false teeth and who was prosecuted for mail fraud due to the conduct of his business was allowed to deduct his legal expenses paid to defend the suit.

Commissioner v. Heininger, 320 U.S. 467, 64 S.Ct. 249, 88 L.Ed. 171 (1943). When a taxpayer claims a § 162(a) deduction and brings an action for refund, the burden is upon him to prove that the expense in question had a business origin. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 63 S.Ct. 1279, 87 L.Ed. 1607 (1943); Peckham v. Commissioner, 327 F.2d 855 (4 Cir. 1964).

To determine whether the litigation expense incurred by this taxpayer has business origin requires examination of the litigation itself. Taxpayer is a medical doctor, who employed an office nurse, one Mrs. Brown. Thereafter, the nurse became addicted to narcotics and alcohol, a fact nowhere disputed. As a result of her addiction, Mrs. Brown's husband brought suit against taxpayer for loss of consortium and for medical expenses. The matter was tried in the Marion County Court of Common Pleas and resulted in a verdict for the plaintiff for actual damages. Upon appeal the judgment of the trial court was reversed and remanded for new trial because an improper element of damage was submitted to the jury. Brown v. Finger, 240 S.C. 102, 124 S.E.2d 781 (1962). The suit has never been retried and is dormant.

In its opinion, the Supreme Court of South Carolina described the suit as

> [an] action * * * to recover damages for loss of consortium of his wife and medical expenses incurred by him as a result of the alleged conduct of the defendant in having *wilfully and maliciously administered and made available narcotics* to plaintiff's wife for such period of time as to reduce her to a dope addict, ruin her morals and to reduce her mentally and physically to a degenerate person, effectively destroying plaintiff's marriage. Brown v. Finger, supra, 124 S.E.2d at p. 782 [emphasis supplied].[2]

> That when the plaintiff's wife commenced to work with Dr. Finger, the plaintiff and his wife were happily married, and the defendant well knowing the said Louise D. Brown to be the wife of

■■ Whether the taxpayer actually engaged in the acts alleged in the complaint is immaterial to the issue here. It is not the truth of these allegations but their nature which is controlling. It is manifest that that was complained of and what the taxpayer defended was his personal rather than his professional conduct.

The government concedes that had the taxpayer defended an action by a patient for malpractice he would be allowed a deduction from his professional income. The government also concedes that had he defended an action for negligently allowing an employee access to narcotics resulting in addiction the cost of litigation would meet the statutory standards. Neither concession is the situation here. The action which this taxpayer defended arose from his personal relations with the wife of another man. Great fertility of imagination would be needed to conjure allegations of a more intimate and personal nature. The means he was charged with using to accomplish the end complained of are incidental and not controlling. Certainly no act which the taxpayer allegedly committed arose out of, originated or was ordinarily incident to his practice of medicine. The taxpayer has failed to prove the connection between his business and his litigative expense, and he has thereby failed to take his legal expense out of the non-deductible category of personal expense.

■ In reaching this conclusion the Court is not unmindful of the recent decision of the Supreme Court in Tellier v. Commissioner, supra, which turns on an entirely different set of facts. Heretofore, some circuits have applied the rule that an expenditure cannot be deducted if it effectuates a result contrary to public policy. When *Tellier* was before the Supreme Court, the government conceded that legal fees expended by a stockbroker in defense of criminal prosecution under the Securities Act would be an ordinary and necessary expense of the taxpayer's business. It was urged, however, that the effect of such expenses would accomplish a result contrary to public policy and should be disallowed. Noting that such theory had the support of some circuit courts and administrative agencies, the Court rejected out of hand "public policy" theory. Peckham v. Commissioner, supra, was cited among the cases expressing this view, although Judge Butzner's opinion makes no reference to the "public policy" doctrine. To the extent that *Peckham*, despite its complete absence of express reliance on the doctrine, depends upon the rationale of "public policy" for its result it is no longer authority. To the extent that *Peckham* requires a taxpayer to prove the connection between his business and the expense sought to be deducted the decision is still viable and is binding upon this Court. To require a taxpayer, as plaintiff suing for refund, to prove the very fact upon which his action must succeed or fail is no more than that which is required of any plaintiff in any civil action in meeting his burden of proof: to establish by the greater weight of the evidence that the expense he claims as a deduction has a business origin. Because taxpayer here has failed to prove the vital nexus, the defendant's motion for summary judgment must be granted.

of the plaintiff herein, and wilfully contriving and maliciously and wickedly intending to injure the plaintiff, and wrongfully to deprive him of the affections, comfort, society and aid of plaintiff's said wife, defendant began to give plaintiff's said wife barbiturates and narcotic drugs for the purpose of weakening her physically, morally and mentally; that by breaking down the resistance of plaintiff's wife by the use of barbiturates and narcotic drugs, the defendant did debauch and carnally know her.

That, in addition to defendant's making a narcotic addict out of plaintiff's wife and carnally knowing her, he also placed her under the influence of a narcotic drug and had unnatural sexual relations with her, and, in March of 1948, performed an abortion on her.

It is ordered that the motion of defendant for summary judgment is granted; that plaintiffs' complaint is hereby dismissed; that judgment is awarded to the United States of America together with its cost of this action.