## TINKOFF v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7248.

Circuit Court of Appeals, Seventh Circuit.
April 9, 1941.

Rehearing Denied June 17, 1941.

Paysoff Tinkoff, of Chicago, Ill., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Newton K. Fox, Sp. Asst. to Atty. Gen., for respondent.

Before EVANS and MAJOR, Circuit Judges, and WOODWARD, District Judge.

WOODWARD, District Judge.

This is a petition to review a decision of the Board of Tax Appeals redetermining deficiencies in income taxes and a penalty of petitioner for the years 1926, 1927, 1928, 1929, 1930 and 1932.

The material facts, as found by the Board of Tax Appeals, may be summarized as follows:

The petitioner, during the years in question, was a certified public accountant and an attorney at law with offices in Chicago, Illinois. On June 5, 1917, he registered for service in the United States Army and was married June 26, 1917. After his discharge from the army and until 1923 he was employed as a revenue agent, when he resigned and opened an office for himself and conducted the business of accounting in his own name until the latter part of 1925. From January 1, 1926, to November 11, 1929, he operated his business under the name of Paysoff Tinkoff & Company, and from November 11, 1929, to January 1, 1931, under the name of Paysoff Tinkoff Son Co. Paysoff Tinkoff & Company was constituted by a formal instrument constituting petitioner and his wife, Ella H. Tinkoff, equal partners in the legal and accounting business of petitioner. On November 11, 1929, a son, Paysoff Tinkoff, Jr., was born to petitioner and his wife. On the same day another formal instrument was executed constituting a partnership in the accounting business, the partnership consisting of petitioner, his wife, Ella H. Tinkoff, and the infant son, Paysoff Tinkoff, Jr., each having a one-third interest in the partnership.

The partnership returns for 1926, 1927 and 1928 and for the period ending November 11, 1929, reflected a distribution of the net income of the business equally between petitioner and his wife. Those for the period November 12 to December 31, 1929, and for the year 1930 reflected a distribution of the net income of the accounting and tax business equally between petitioner, his wife, Ella H. Tinkoff, and infant son, Paysoff Tinkoff, Jr.

Petitioner made an individual income tax return for the year 1932.

While petitioner was in the military service Ella H. Tinkoff acted as a companion. After his discharge she acted purely as a housekeeper. She is not a lawyer, accountant, bookkeeper or stenographer. She never worked in an office. Neither Ella H. Tinkoff nor the infant son, Paysoff Tinkoff, Jr., ever contributed any capital or services to the business of either partnership.

Petitioner claimed $2,581.29 as a deduction from gross income of 1932 as an ordinary and necessary business expense. This amount represents the expense incurred and paid by petitioner in seeking to expunge an order of suspension of petitioner from practice before the Treasury Department.

Petitioner also claimed as a deduction from gross income $4,999.92 as the amount paid to Ella H. Tinkoff for personal services rendered in 1932. This payment was in the form of checks which were cancelled and never paid. Ella H. Tinkoff rendered no services of value to petitioner in 1932 in connection with his business.

Upon the facts found by the Board, supported by substantial evidence, the Board found that:

(1) There was no valid partnership for income tax purposes;

(2) The expense incurred and paid relative to the expunging order was a per-

sonal and not a deductible business expense; and

(3) The checks payable to Ella H. Tinkoff, which were cancelled, also were not deductible.

Petitioner filed with the Board a petition and motion to prosecute his appeal to this court in forma pauperis, which was denied. Petitioner, however, has been granted leave by this Court to prosecute his appeal in forma pauperis.

 In form petitioner was a member of partnerships from January 1, 1926 to January 1, 1931. But the income tax statutes regard substance rather than form. United States v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Helvering v. Gordon, 8 Cir., 87 F.2d 663; Commissioner of Internal Revenue v. Griffiths, 7 Cir., 103 F.2d 110. Tax laws deal with realities and look at the entire transaction. Helvering v. Gordon, supra. Looking at the substance of the partnership transactions and disregarding mere form, it is obvious that the two partnerships had no business functions. Neither the wife nor the infant son contributed either capital, services or anything of value to the partnerships. The partnerships were merely patent devices "to exalt artifice above reality." Gregory v. Helvering, 293 U.S. 465, 470, 55 S.Ct. 266, 268, 79 L.Ed. 596, 97 A.L.R. 1355. The partnerships in this case amounted in essence to no more than an attempt by petitioner to separate his income, for tax purposes, in one partnership, into two parts and in the other partnership into three parts. It is fundamental that income is taxable to the person who earns it. This Court holds with the Board that there was no valid existing partnership under the income tax laws. The device of a partnership was without legal effect, so far as the income tax law is concerned, and the taxes were properly assessed against petitioner. Jones v. Page, 5 Cir., 102 F.2d 144.

 The Board did not err in holding that the sum expended by petitioner as the expenses incurred by him in the proceeding to expunge an order of suspension from the records of the Treasury Department was not an ordinary and necessary expense paid or incurred in carrying on a trade or business. The analogous cases cited by the Board (Welch v. Helvering, Commissioner, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 and Lloyd v. Commissioner, 7 Cir., 55 F.2d 842) fully sustain its conclusion. What is said in the case of Deputy, Administratrix, v. DuPont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416, also is pertinent.

 The term "ordinary and necessary expense" must be given its natural and common connotation. The expense incurred by petitioner may have been a necessary expense but, in view of the expressions of the Courts in the cases above referred to, it was not an ordinary expense. It was not an expense arising from the type of activity conducted by the petitioner. It was an extraordinary and personal expense.

Petitioner was not entitled to a deduction of $4,999.92, the amount alleged to have been paid by him to his wife for services rendered, for the reasons stated in the opinion of the Board:

"(1) That the wife performed no services; and

"(2) That the checks drawn in her favor were never paid but were cancelled."

The findings of fact amply support the Board's conclusion.

 The twenty-five per cent penalty was properly imposed for 1932 because the pleadings before the Board did not raise any issue as to the penalty. Petitioner failed to show that the filing of the delinquent return was "due to reasonable cause and not to wilful neglect." In the absence of such showing the imposition of the penalty was mandatory. Edmonds v. Commissioner, 9 Cir., 90 F.2d 14, 17, 18.

 The Board had no power or authority to grant leave to petitioner to prosecute his appeal in this court in forma pauperis. On proper application to this Court he was granted such privilege and hence his rights have not been prejudiced.

The decision of the Board of Tax Appeals is affirmed.