**MAYES et al. v. UNITED STATES.**

**No. 4582.**

United States Court of Appeals
Tenth Circuit.

Oct. 13, 1953.

For a reference to a later decision on that question by the same district judge,

Malcolm E. Rosser, Duncan, Okl., for appellants.

Dudley Godfrey, Jr., Atty., Dept. of Justice, Wash., D. C. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Cecelia H. Goetz, Sp. Assts. to Atty. Gen., and Edwin Langley, U. S. Atty., E. D. of Okl., Muskogee, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PER CURIAM.

This is an action to recover upon claims for refund of income taxes. W. B. Mayes filed individual returns for the years 1943 and 1944. For 1945, he and Ruth Claire Mayes filed a joint return. For the year 1946, he and Ruth Claire Mayes filed individual returns on a community property basis. Deficiency assessments were made for each of such years, which were paid under protest. Claims for refunds were filed and denied.

In the year 1941, W. B. Mayes and his son, W. B. Mayes, Jr., entered into a partnership agreement under which they

Anchorage Sand & Gravel Co. v. Schubert, D.C., 114 F.Supp. 436.

were to own, manage, lease and rent real estate, manage farms and render accountancy services. They agreed that all income earned by each should be contributed to the partnership and divided on the basis of 60 per cent to the father and 40 per cent to the son. The partnership continued from its formation through the year 1946. During the years 1943 to 1946, inclusive, W. B. Mayes was employed as an accountant at the Choteau Powder Plant at Pryor, Oklahoma on a salary basis. He was paid by salary checks issued to him personally. He also owned, managed, leased and rented real estate and managed farms. Those activities resulted in a loss and his only net income was his salary. W. B. Mayes, Jr. entered the military service in 1943. His earnings were credited to the partnership and the total earnings of both father and son were distributed, 60 per cent to the father and 40 per cent to the son. In the income tax returns, only the 60 per cent distributions to W. B. Mayes were reflected. The deficiency assessments were made on the theory that W. B. Mayes' individual earnings were taxable to him.

It is clear from the facts that the partnership arrangement constituted an assignment to the partnership of future personal earnings of W. B. Mayes.

 Since the decision in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731, it has been settled law that earned incomes are taxed to and must be paid by those who earn them and no device can make future earnings taxable to any but the real earner.[1]

Accordingly, the judgment is affirmed.

1. Saenger v. Commissioner, 5 Cir., 69 F.2d 631, 632; Villere v. Commissioner, 5 Cir., 133 F.2d 905; Van Meter v. Commissioner, 8 Cir., 61 F.2d 817, 818; Emery v. Commissioner, 1 Cir., 78 F.2d 437; Tinkoff v. Commissioner, 7 Cir., 120 F.2d 564, 566.