W. B. MAYES, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36834.   Promulgated November 24, 1953.

*Malcolm E. Rosser, Esq.*, for the petitioner.
*George H. Seefeld, Esq.*, for the respondent.

OPINION.

RAUM, *Judge:* 1. Petitioner and his father were members of a partnership, the validity of which is not contested. The partnership, during 1948, was in the businesses of real estate rentals and public accounting. Partnership income was to be divided and distributed 40 per cent to petitioner and the remainder to his father. According to the partnership agreement, personal incomes arising from sources outside of the partnership were to be contributed to the partnership and treated as partnership income. The petitioner earned $2,701.40 during 1948 for services rendered as a mechanic to American Airlines and the United States Navy. However, 40 per cent of the partnership net income (including the $2,701.40), as reported on the partnership return, was less than $2,701.40, and petitioner's own return reported only the lesser amount. The issue is whether petitioner is accountable in any event for the full amount of his $2,701.40 earnings and whether he is further chargeable with any amount as distributive income of the partnership.

There is no doubt that the $2,701.40 was paid to petitioner for services rendered by him as an individual and not as a member of the

partnership. The arrangement with his father whereby petitioner agreed to turn over to the partnership his personal earnings was merely an anticipatory assignment of income and petitioner may not avoid the inclusion of the entire amount of such earnings in his gross income by means of such an assignment. Cf. *Lucas* v. *Earl*, 281 U. S. 111. The Court of Appeals for the Tenth Circuit has reached a similar result in a proceeding involving the tax liability of petitioner's father for other years. *Mayes* v. *United States*, 207 F. 2d 326 (C. A. 10), affirming 106 F. Supp. 961 (E. D. Okla.).

The petitioner contends that the computation used by the Commissioner in arriving at the deficiency will cause the petitioner to be "taxed twice" on his personal income. This contention assumes that his $2,701.40 personal earnings are being charged to him not only under the *Lucas* v. *Earl* rule, but are also included in the partnership income, 40 per cent of which is attributed to him as his distributive share. The respondent challenges this contention since the deficiency was in fact determined by eliminating the $2,701.40 from the partnership profits prior to computing petitioner's distributive share. However, the adjustment thus made by the Commissioner does not fully correct the situation. Under his theory, using the figures shown on the partnership return, the net operating gain of the partnership was $5,853.92, and, even after subtracting the $2,701.40 earnings attributed directly to petitioner, there would remain $3,152.52, 40 per cent of which ($1,261.01) would also be attributed to petitioner as his distributive share of the partnership net income. Yet it is plain to us that under the partnership agreement, fairly construed, petitioner would not be entitled to any such amount of income in excess of his personal earnings. Under a proper interpretation of the agreement, we think that petitioner's so-called 40 per cent share was no more than his personal earnings plus an amount necessary to bring the total to 40 per cent of the partnership net income computed by including therein the personal incomes of the partners. In this case, the partnership net income, as originally reported, was such that 40 per cent thereof was even less than the $2,701.40 personal earnings of petitioner. In such circumstances, petitioner would, of course, be liable to tax with respect to the full $2,701.40 under *Lucas* v. *Earl*, but there would be no further partnership earnings that could be regarded as being distributable to him. In the event that the various adjustments in the partnership net income, as required by concessions of the parties and by decision herein with respect to certain contested items, should increase the partnership net income to a level so that 40 per cent thereof exceeds $2,701.40, petitioner may be charged with that distributive share. Thus, petitioner is accountable for $2,701.40 or 40 per cent of the total partnership net income (computed by including his personal earnings), whichever is greater.

2. Petitioner also contests the propriety of certain other adjustments made to the net income of the partnership for 1948. These adjustments affected petitioner's distributive share of partnership net income and are properly in issue here.

*Bad Debts.* The respondent disallowed a deduction for bad debts in the amount of $262. We must affirm that adjustment because petitioner failed to sustain his burden of proof. Apart from possible infirmities in proof as to whether the debts in question were personal loans made by petitioner's father rather than by the partnership, we have no satisfactory proof that they became worthless in 1948. True, petitioner testified that the debts became worthless in 1948, but he acknowledged that his testimony was based on his "dad's word." His father was not a witness before us. Because of the lack of reliability of such evidence, we must sustain the respondent's determination on this point.

*Automobile Depreciation.* The parties disagree over the proper basis for depreciation for the automobile used by the partnership in its business. The cost of the two automobiles which were combined to make the automobile involved was $265. Also there were capital expenditures made in that connection, the amount of which was not satisfactorily shown. However, we are satisfied that some such expenditures were made, and we find them to be $100. Cf. *Cohan* v. *Commissioner*, 39 F. 2d 540, 544 (C. A. 2). The proper basis for depreciation therefore is $365. The resulting automobile had a prospective life of 3 years and should be depreciated over such period. We therefore hold that $121.67 is allowable as a deduction for depreciation for 1948.

*Office Equipment Depreciation.* We have found as fact that the office equipment had no basis for depreciation at the beginning of 1948. The equipment was old. It had been in storage for 10 years when the partnership received it. No reliable evidence was introduced as to its value in 1934 or 1935 when it was inherited by petitioner's grandmother or 10 years later when it was given to the partnership. We can therefore find no basis to be depreciated and no deduction can be allowed.

*Real Estate Depreciation.* The Commissioner disallowed $643.25 of the $2,350 claimed by the partnership as a deduction for depreciation on real estate. At the hearing, the petitioner conceded that the Commissioner's disallowance was correct to the extent of $368.25. The dispute concerns the proper basis for depreciation of a certain building owned by the partnership. We are satisfied that the building was converted to an apartment house at some expense to the partnership and that such expense should be taken into account in determining the basis for depreciation. The Commissioner allowed depreciation based on $5,500 cost, allocable to the building, which did not take into ac-

count any improvements made. Some expense was incurred, but we have no satisfactory evidence as to the amount; applying the *Cohan* rule, we have found that such capital expenses amounted to $2,000. Depreciation must therefore be computed on a basis of $7,500.

3. The petitioner offered no evidence as to other contested adjustments made by the Commissioner and we must therefore sustain the Commissioner's determination on those matters. Similarly, the petitioner offered no evidence contesting respondent's determination that petitioner was liable for a 5 per cent addition to tax because of negligence under the provisions of section 293(a) of the Internal Revenue Code and we must sustain that determination. Concessions made by both parties will be taken into account in a computation under Rule 50.

*Decision will be entered under Rule 50.*