Elias Fellabaum and Edith Fellabaum v. Commissioner.
Fellabaum v. Commissioner
Docket No. 43323.
United States Tax Court
T.C. Memo 1955-98; 1955 Tax Ct. Memo LEXIS 244; 14 T.C.M. (CCH) 330; T.C.M. (RIA) 55098; April 20, 1955
*244 Petitioners failed to prove that loans amounting to $41,419 became worthless during the taxable year ended December 31, 1948, and accordingly are not entitled to a deduction either for a business bad debt under section 23(k)(1), Internal Revenue Code of 1939, or a nonbusiness bad debt under section 23(k)(4). Henry P. Butts, Esq., 602 National Bank of Commerce Building, Charleston, W. Va., for the petitioners. James F. Shea, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency of $11,830.84 in the income tax of petitioners for the taxable year ended December 31, 1948. He further determined that petitioners were liable for an addition to tax in the amount of $81 for failure to pay installments of *245 estimated tax declared, pursuant to section 294(d)(1)(B) of the Internal Revenue Code of 1939. The petition assigned error to the action of the respondent in each instance. No evidence was offered, however, as to the issue relating to section 294(d)(1)(B), nor have petitioners argued this question on brief. It is accordingly deemed to have been abandoned. The only issue for decision is whether petitioners are entitled to a deduction in the taxable year 1943 for a bad debt amounting to $41,419 either under section 23(k)(1) of the Internal Revenue Code of 1939 as a business bad debt, or under section 23(k)(4) as a nonbusiness bad debt. Findings of Fact Some of the facts were stipulated and are so found. Petitioners are husband and wife who resided during the taxable year here involved in Charleston, West Virginia. They filed their joint income tax return for 1948 with the collector of internal revenue for the district of West Virginia. Petitioner Elias Fellabaum (hereinafter sometimes referred to as petitioner) was the principal stockholder in Peerless Block Company (variously referred to in the evidence as Peerless Cement Block Company and Peerless Cement Products Company and hereinafter referred to as Peerless), *246 a corporation engaged in manufacturing and selling building materials and supplies. One of the regular customers of Peerless was W. E. Minter, Inc. (hereinafter referred to as Minter), a corporation engaged in building, moving, renovating, and selling dwelling houses to individual home-owner purchasers. In 1948 Minter was indebted to Peerless for the purchase of building materials in the approximate amount of $20,000 to $25,000. Petitioner Elias Fellabaum was also the principal stockholder in Dura Building Company (hereinafter referred to as Dura). On June 10, 1947 and March 9, 1948 Dura made loans to Minter in the amounts of $11,250 and $10,000, respectively. The first of these was secured by a deed of trust on certain property near St. Albans, West Virginia, consisting of 35.08 acres which was owned and being developed by Minter. The second was secured by a deed of trust on the same acreage, excepting however 51 lots being developed and known as the Eldot Addition. In order that Minter might have sufficient funds to pay Dura and because it was in need of financial assistance petitioner made three loans to Minter in the total sum of $41,419, evidenced by negotiable promissory *247 notes as follows: $16,419 on May 27, 1948; $10,000 on June 7, 1948; and $15,000 on July 30, 1948. The first two of these loans were secured by deeds of trust, inferior to the existing liens, on the St. Albans acreage. The third note was unsecured except for the personal endorsement of W. E. Minter. Minter satisfied a part but not all of its indebtedness to Dura. No portion of the indebtedness amounting to $41,419 owed petitioner has been repaid by Minter. In their income tax return for 1948 petitioners deducted the $41,419 as a business bad debt. In determining the deficiency respondent disallowed the deduction and explained that any deduction allowable would be for a nonbusiness bad debt, but as petitioners failed to establish either the amount of the loss from the debt or the year in which it became worthless no deduction was allowable. Opinion The respondent properly disallowed the deduction in the amount of $41,419 for the taxable year 1948. We affirm that adjustment because petitioners have failed to sustain their burden of proof. Both sections 23(k)(1) and 23(k)(4) of the Internal Revenue Code of 1939, [1] relating to business bad debts and nonbusiness bad debts, respectively, *248 require that the debt become worthless during the taxable year. The record in the instant proceeding is completely devoid of any evidence that the debt owed petitioner by W. E. Minter, Inc., became worthless in 1948. See W. B. Mayes, Jr., 21 T.C. 286; Concord Lumber Co., 18 T.C. 843. *249 Petitioner established that during 1948 he loaned Minter a total of $41,419, evidenced by three promissory notes in the respective amounts of $16,419, $10,000, and $15,000. Petitioner further established that the first two notes were secured by deeds of trust on the St. Albans property and the third by personal endosement of W. E. Minter. However, petitioner failed to prove the financial condition in 1948 either of the Minter corporation or W. E. Minter the individual. Further there was no proof that Minter discontinued its business in 1948. There was testimony by petitioner to the effect that Minter defaulted on its second loan from Dura and that Dura foreclosed on the St. Albans property; but petitioner did not know if this occurred in 1948 or 1949. [2] Even if the foreclosure had been completed in 1948, there was no evidence that the property securing the notes for $16,419 and $10,000 was insufficient to satisfy the liability evidenced by those notes. Nor is there any evidence from which we might find that petitioner made a demand on the maker, and in the case of the third note on the endorser, for payment. *250 Accordingly the deficiency and addition to tax are sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - (1) General Rule. - Debts which become worthless within the taxable year; or (in the discretion of the Commissioner) a reasonable addition to a reserve for bad debts; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt, in an amount not in excess of the part charged off within the taxable year, as a deduction. This paragraph shall not apply in the case of a taxpayer, other than a bank, as defined in section 104, with respect to a debt evidenced by a security as defined in paragraph (3) of this subsection. This paragraph shall not apply in the case of a taxpayer, other than a corporation, with respect to a non-business debt, as defined by paragraph (4) of this subsection. * * *
(4) Non-business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defieed in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business.↩
2. Paragraph 5 of the petition (denied in its entirety in respondent's answer) and counsel for petitioners in his opening statement, state the foreclosure sale was held on January 19, 1949.↩