THOMAS A. JOSEPH AND SUSAN JOSEPH, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 57747.    Filed June 18, 1956.

*Horace W. Domigan, Esq.*, for the petitioners.
*Bernard J. Boyle, Esq.*, for the respondent.

---

[7] H. Conf. Rept. No. 2543, 83d Cong., 2d Sess., p. 52.

## OPINION.

Tietjens, *Judge:* We have held in a number of cases beginning as early as *Sarah Backer*, 1 B. T. A. 214, that legal expenses incurred in the unsuccessful defense of a criminal prosecution are not deductible. *Norvin R. Lindheim*, 2 B. T. A. 229; *B. E. Levinstein*, 19 B. T. A. 99; *Sanitary Earthenware Specialty Co.*, 19 B. T. A. 641; *Estate of John W. Thompson*, 21 B. T. A. 568; *Burroughs Building Material Co.*, 18 B. T. A. 101, aff'd. (C. A. 2) 47 F. 2d 178, and see *Anthony Cornero Stralla*, 9 T. C. 801.

Petitioner contends, however, that the decision of the Supreme Court in *Commissioner* v. *Heininger*, 320 U. S. 467, lays down a different rule. We do not so understand the *Heininger* decision. While there allowing the claimed legal expenses as a deduction Justice Black pointed out that the Bureau of Internal Revenue, the Board of Tax Appeals, and the Federal courts have from time to time—

narrowed the generally accepted meaning of the language used in Section 23 (a) in order that tax deduction consequences might not frustrate sharply defined national or state policies proscribing particular types of conduct.

In a footnote to the opinion the Court cited with apparent approval *Estate of John W. Thompson, supra,* and *Burroughs Building Material Co., supra,* noting with reference to the *Thompson* case that "A taxpayer who has been prosecuted under a federal or state statute and convicted of a crime has not been permitted a tax deduction for his attorney's fee." As was said in *Stralla, supra,* "at no place did the Court indicate or hold that the decisions were unsound or in conflict in any way with the principles declared in the *Heininger* case." Furthermore, the Court pointed out in *Heininger* that the single policy of the statutes involved in that case "is to protect the public" and that it "is not their policy to impose personal punishment on violators." Also that "such punishment is provided by separate statute, and can be imposed only in a judicial proceeding in which the accused has the benefit of constitutional and statutory safeguards appropriate to trial for a crime." This is indication to us that had the Supreme Court been confronted with a deduction claimed for expenses incurred in defending against conviction for a crime which conviction eventuated, it would have reached a different result in *Heininger.*

Until the cases we have cited are unequivocally overruled we are constrained to follow them, and deny the deduction.

The legal expenses of defending against disbarment are so closely related to the criminal conviction that the same result must follow. As recited in our Findings of Fact, "A conviction on the criminal charge was tantamount to disbarment" and petitioner *was* disbarred.

Ohio Rev. Code (Page) sec. 4705.02. See *Tinkoff* v. *Commissioner*, (C. A. 7) 120 F. 2d 564, affirming a Memorandum Opinion of this Court to the effect that expenses incident to a proceeding to expunge an order of suspension from practice before the Treasury Department directed against a person who was a lawyer and certified public accountant were disallowed.

Accordingly, the Commissioner's disallowance of the expenses in question is upheld.

With reference to the claimed casualty loss, petitioner introduced no evidence and simply asked that the Court direct that a proper deduction be worked out in a Rule 50 computation. In the absence of any showing based on evidence that the Commissioner's determination is erroneous, or of a concession of error by the Commissioner, we find no reason to disturb the Commissioner's determination on this issue.

*Decision will be entered for the respondent.*