M. H. Bell and Bettie Lou Bell v. Commissioner.
Bell v. Commissioner
Docket No. 77864.
United States Tax Court
T.C. Memo 1962-90; 1962 Tax Ct. Memo LEXIS 216; 21 T.C.M. (CCH) 484; T.C.M. (RIA) 62090; April 23, 1962
*216 Jerry T. Light, Esq., for the petitioners. J. C. Lingo, Esq., for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined a deficiency in the petitioners' income tax for the year 1952 in the amount of $1,929.02. The only issue for decision is whether the petitioners are entitled to deduct certain sums paid to attorneys as legal fees and expenses during the year 1952. [1]
Findings of Fact Some of the facts are stipulated and are found as stipulated. The petitioners are husband and wife. They filed their joint Federal income tax return for the calendar year 1952 with the director of internal revenue at Little Rock, Arkansas. Marion H. Bell, hereinafter referred to as the petitioner, was a certified public accountant practicing in Fort Smith, Arkansas, during the year in question. In November 1951 he was informed that the Internal Revenue Service was examining his tax returns *217 for the years 1945 to 1949 with a view to recommending criminal prosecution for willful tax evasion. In March 1952 the petitioner engaged the services of Pat Mehaffy, an attorney whose office was in Little Rock, Arkansas, to represent him in regard to the possible criminal prosecution. Mehaffy suggested that James Clendening, an attorney practicing in the petitioner's city, Fort Smith, be associated with him in the matter. It was recognized by both the petitioner and Mehaffy that if the petitioner were convicted of criminal tax evasion some disciplinary action would certainly be taken by the Director of Practice of the Treasury Department, the State Board of Accountancy of Arkansas and the American Institute of Accountants. The petitioner agreed to pay Mehaffy a fee in the amount of $10,000 which would be applicable to any bill rendered for services arising from or growing out of the possible prosecution. A portion of the fee was to be paid to Clendening. Pursuant to this agreement the petitioner paid Mehaffy the following amounts in 1952: [2]
April 30
$ 500
May 27
2,000
October 18
4,500
Total
$7,000
*218 Clendening performed some services for the petitioner, all of which related to the criminal proceedings. During 1952 he was paid the following amounts: March 5 $500
September 22
100
November 19
50
Total $650
During the year 1952 the petitioner made payments for legal expenses as follows: Surety Bond
$100.00
Travel
165.47
Telephone Charges
24.86
Court Transcript
28.50
Postage
.79
Total
$319.62 All of these expenses related to the defense of the criminal charge. On September 11, 1952, petitioner was indicted on four counts of criminal tax evasion, one for each of the years 1946 through 1949. The petitioner felt that he would be able to defend against these charges successfully. He was advised by Mehaffy that he had a strong case but that an acquittal could not be guaranteed. During the negotiations with Government attorneys prior to the trial of the case, the Government offered to drop two of the charges in the indictment and make certain favorable statements in the petitioner's behalf in court if he would plead nolo contendere to the remaining counts of the indictment. For personal reasons the petitioner decided to accept the *219 Government's offer in spite of his belief that he could establish his innocence. Therefore, on December 8, 1952, the petitioner, on his plea of nolo contendere, was convicted on two counts of willful tax evasion. The Government moved to dismiss the other two counts of the indictment and the motion was granted. The petitioner was sentenced to pay a fine of $5,000 and was placed on three years' probation. On February 23, 1953, the State Board of Accountancy of Arkansas notified the petitioner that a charge had been filed against him to revoke his certificate as a certified public accountant. A hearing was held on this charge on June 24, 1953, in Parlor A of the Hotel Marion at Little Rock. The petitioner was represented at this hearing by John T. Williams, an attorney associated with Mehaffy. No additional fee was charged for this representation. As a result of this hearing the petitioner's certificate was not revoked; it was, however, suspended for the period of his probation pursuant to the sentence of the District Court. On December 8, 1953, the petitioner's motion to commute his period of probation from three years to one was granted by the District Court, and his certificate as *220 a certified public accountant was returned to him as of that date. By letter dated February 18, 1953, the petitioner was informed by the Director of Practice of the Treasury Department that proceedings had been instituted to disbar him from practice before that department, and a copy of the charges was served on him. The petitioner was represented with regard to these charges by Williams. Williams prepared an answer to the charges and presented rather extensive evidence on the petitioner's behalf at a hearing before a Treasury Department examiner held in Parlor B of the Hotel Marion at Little Rock on July 31, 1953. The report of the examiner was issued on June 8, 1954. It did not recommend disbarment but did recommend that the petitioner's right to practice before the Treasury Department be suspended "for the period commencing February 8, 1952, or such subsequent time as the suspension actually became effective" and ending the date the examiner's report was issued. The Director of Practice filed certain objections to this report, and Williams filed a memorandum in support of the report. On October 4, 1955, the Acting Secretary of the Treasury affirmed the recommended decision of *221 the examiner except that the period of suspension was extended to the date of the Acting Secretary's action. No additional legal fee was charged the petitioner for representation in this proceeding. On December 30, 1953, the Executive Director of the American Institute of Accountants sent the petitioner a letter summoning him to appear before a trial board of that organization to show cause why he should not be expelled or suspended from membership because of his conviction. A hearing was held before a trial board in the Pan American Room of the Hotel Statler, Washington, D.C., on March 20, 1954. Williams went to Washington with the petitioner to represent him at that hearing. No additional fee was charged for that hearing. On March 27, 1956, the petitioner was notified that as a result of the hearing he would be suspended from membership in the organization for a period of one year. This suspension was terminated on March 15, 1957. The petitioner was represented by Mehaffy's firm in litigation before the Tax Court to determine his civil tax liability. However, a separate fee was charged for this representation, which fee was paid by the petitioner in a later taxable year. The *222 expenses of the litigation to determine the petitioner's civil tax liability are not in question here. All of the legal expenses and all of the fees paid to Clendening during 1952 relate solely to the criminal case. Of the fees paid to Mehaffy during 1952, $4,000 relates to the criminal case and $3,000 relates to representation in the various other hearings. Of the latter sum, $1,200 relates to representation in the proceedings before the Treasury Department and $1,200 relates to the proceedings before the State Board of Accountancy of Arkansas; the remaining $600 was paid for representation in the proceedings of the American Institute of Accountants. Opinion The petitioners contend that the entire amount of legal fees and expenses paid during the taxable year is deductible, or in the alternative, that the portion of the fees paid for representation in the proceedings other than the criminal case are deductible as a business expense. The respondent, on the other hand, argues that none of these fees and expenses are deductible. It is well established that a taxpayer may not deduct the expenses incurred in an unsuccessful defense of a criminal proceeding. Thomas A. Joseph, 26 T.C. 562 (1956). *223 Therefore, no part of the sum which we have determined to be allocable to the criminal proceeding is deductible. The petitioner argues that a portion of the fee for the criminal proceeding should be allowed as a deduction because the petitioner was not convicted on the two counts of the indictment that were dismissed. Since the dismissal resulted from an agreement for a negotiated plea we find no merit in this contention. We have based our allocation of the sums paid to Mehaffy on our judgment of the importance of the various proceeding and the responsibility of the attorney by reason of the nature of the proceedings, as well as on the amount of time spent in the performance of the various legal services. Thus, we believe that a somewhat greater amount of the fee must be allocated to representation in the criminal proceeding than was indicated by the testimony of the petitioner's witnesses. In any event, our allocation of the fees is immaterial in view of our decision as to the deductibility of the various portions of the fee. The petitioner does not contend that any portion of the legal fees is allocable to the determination of his civil tax liability and the evidence tends to *224 show that none is. Therefore, no portion of the fee has been found to relate to the determination of civil tax liability. We hold that no portion of the legal fees paid for representation before the Treasury Department, the State Board of Accountancy of Arkansas and the American Institute of Accountants is deductible. We have found that the petitioner and his attorney recognized the fact that some disciplinary action was bound to be taken by these bodies if the petitioner were convicted of tax evasion. Therefore, these proceedings were so closely related to the criminal conviction that fees paid with respect to them must fall under the same ban against deductibility as do the fees paid in the defense of the criminal action. Thomas A. Joseph, supra. What is more, expenses necessitated by the performance of an act for which the taxpayer has been convicted criminally must be considered as personal expenses. Such expenses cannot be recognized as bearing any reasonable relationship to a trade or business or to the production of income. Richard F. Smith, 31 T.C. 1, 10 (1958) and Port v. United States, 143 Ct. Cl. 418, 163 F. Supp. 645 (1958).
*225 Decision will be entered under Rule 50. Footnotes
1. Another issue was raised by the petition concerning the extent to which medical expenses are deductible. This, however, is a mechanical matter which may be settled in the Rule 50 computation after disposition is made of the major issue.↩
2. It is stipulated that these sums were paid to two different firms of which Mehaffy was a member, but this variance is immaterial to our present inquiry.↩