HENRY L. PECKHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 87720.   Filed May 15, 1963

*Joseph J. Lyman*, for the petitioner.
*George K. Dunham*, for the respondent.

SCOTT, *Judge:* Respondent determined a deficiency in petitioner's income tax and an addition to tax under section 294(d)(2) of the Internal Revenue Code of 1939 for the year 1954 in the amounts of $4,256.80 and $271.67, respectively.

The only issue for decision is whether petitioner, who in 1954 was a licensed physician in the District of Columbia, may deduct attorney's fees and related legal expenses incurred and paid in that year in the amount of $10,959.50 in his unsuccessful defense against a prosecution for criminal abortion.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.

Petitioner, an individual residing at the time of the trial of this case in Atlantic City, N.J., filed his Federal income tax return for the calendar year 1954 with the district director of internal revenue at Baltimore, Md.

Petitioner is presently employed at the Atlantic City Hospital as a medical technologist.

In 1935 petitioner was licensed to practice medicine and was a licensed physician practicing his profession in Washington, D.C., from that time until October 1, 1956, when his license to practice medicine was revoked upon his conviction of violating title 22, section 201, D.C. Code Ann., commonly referred to as the Abortion Statute. Petitioner was convicted of the offense in 1954 in the United States District Court for the District of Columbia and thereafter pursued an appeal from the judgment to the United States Court of Appeals for the District of Columbia. The judgment of conviction was affirmed and petitioner then filed a petition for a writ of certiorari in the United States Supreme Court which was denied.

In connection with petitioner's unsuccessful defense of the criminal action, he incurred and paid during the year 1954, $10,959.50 in legal fees, legal expenses, and other miscellaneous expenses relating to the criminal prosecution.

At the time of petitioner's indictment and arrest he was of the opinion that any finding of guilt under the indictment, regardless of the punishment or sentence resulting therefrom, would result in the revocation of his license to practice medicine.

Petitioner, on his 1954 income tax return, claimed as a business expense a deduction for legal fees and expenses in the amount of $10,959.50 which amount was paid in connection with the defense of the criminal prosecution which resulted in his conviction.

Respondent in his notice of deficiency disallowed the claimed deduction with the following explanation:

The deduction of $10,959.50 claimed for legal fees and expenses is disallowed for the reason that the fees were paid in an unsuccessful defense of a criminal action tending to frustrate public policy and therefore not allowable as a deduction within the provisions of Chapter I, Subchapter B, of the Internal Revenue Code of 1954.

OPINION

Petitioner argues that since the alleged illegal act against which he defended was one directly related to his profession of being a doctor,[1] and since the primary reason for the expenditure for legal fees in his defense was to protect his license to practice medicine, the expenditure was an ordinary and necessary business expense.

Petitioner relies primarily on *Commissioner* v. *Heininger*, 320 U.S. 467 (1943). In his testimony at the trial petitioner stated that his

---

[1] Sec. 22–201, D.C. Code Ann. * * *

Whoever, by means of any instrument, medicine, drug or other means whatever, procures or produces, or attempts to procure or produce an abortion or miscarriage on any woman, unless the same were done as necessary for the preservation of the mother's life or health and under the direction of a competent licensed practitioner of medicine, shall be imprisoned in the penitentiary not less than one year or not more than ten years; * * *

primary reason for expending the sum of $10,959.50 to defend against the indictment for criminal abortion was to protect his license to practice medicine. We have not found this to be a fact. We do not doubt that petitioner was interested in defending against the criminal indictment in order to protect his license to practice medicine but we are not convinced by petitioner's self-serving statement in this regard that this was his primary purpose or that he would not have pursued the defense as an individual matter even though his license to practice would not have been placed in jeopardy by a conviction.

Our refusal to accept petitioner's self-serving statement as to his reason for the expenditure for legal fees and related expenses leaves the record failing in proof that this expenditure was related to petitioner's profession. Certainly, a physician might be indicted for committing criminal abortion either for acts directly related to his practice of medicine or for acts unrelated thereto. However, even if we assume that the crime of which petitioner was indicted was so proximately related to his profession as a licensed physician that had he been acquitted the cost of his defense would have been an ordinary and necessary business expense, *Union Investment Co.*, 21 T.C. 659 (1954), cf. *Richard F. Smith*, 31 T.C. 1 (1958), we would not consider petitioner entitled to the claimed deduction. The trial resulted in petitioner's conviction. We have held in a number of cases that the legal expenses incurred in the unsuccessful defense of a criminal prosecution are not deductible. *Thomas A. Joseph*, 26 T.C. 562, 564 (1956), and cases there cited. The *Joseph* case involved a lawyer convicted of subornation of perjury because of certain acts directly connected with his practice of law. In that case, as in the instant case, the taxpayer contended that since the prosecution was for an act directly connected with his profession, the legal expenses in defense thereof were deductible under *Commissioner* v. *Heininger, supra.*

*Thomas A. Joseph, supra,* also involved the claimed deduction of certain amounts expended by the taxpayer in the unsuccessful defense of disbarment proceedings. We likewise held these legal expenses not to be deductible because of the close relation of such expenses to the criminal conviction. The instant case is not distinguishable from *Thomas A. Joseph, supra,* and on the basis of that case we sustain respondent's disallowance of the deduction here claimed for legal expenses. Petitioner does not argue that *Thomas A. Joseph, supra,* is factually distinguishable from the instant case. Petitioner contends that the holding in the *Joseph* case is legally incorrect. He states that in the *Joseph* case we failed to recognize the distinction between the frustration of public policy that might result from permitting a fine to be deducted and thus alleviating a part of the punishment intended by the statute and allowing a deduction for attorney's fees in unsuccessfully defending against an indictment directly related

to a taxpayer's business. Petitioner contends that public policy not only sanctions a payment of such fees in defense of a criminal prosecution, but that our very system of justice which recognizes the right of a person charged with a felony to be represented by counsel presumes a payment of such legal fees. Petitioner states that public policy is that such fees will be paid by those persons financially able to do so. Petitioner considers as unsound some of the cases that have held legal fees not to be deductible when paid in an unsuccessful defense of a criminal indictment. He argues that these decisions are predicated on the theory that such expenditures cannot by definition be proximately related to an ordinary and necessary part of a taxpayer's business since a criminal act can never be ordinary and necessary to the conduct of an otherwise legitimate business. Petitioner points out that the cost of the defense is incurred before it has been established that conviction will result and that to disallow such costs as a deduction in computing taxable income is contrary to the basis of our legal system which considers a person charged with the commission of a crime to be innocent until proven guilty.

Having considered petitioner's arguments and the cases relied upon by him, we adhere to our decision in *Thomas A. Joseph, supra*, for the reasons therein set forth. Until the cases holding legal expenses paid in the unsuccessful defense of criminal prosecutions are not deductible "are unequivocally overruled we are constrained to follow them."

Petitioner does not contest the addition to tax if the major issue is decided adversely to him.

*Decision will be entered for respondent.*