STANDARD COAT, APRON & LINEN SERVICE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1802–62. Filed August 16, 1963.

*George Lewis,* for the petitioner.
*Eugene L. Wilpon,* for the respondent.

MULRONEY, *Judge:* The respondent determined a deficiency in petitioner's 1958 income tax in the amount of $22,398.83.

The portion of the deficiency in issue here involves the correctness of respondent's disallowance of a deduction in the amount of $21,371.10 paid by petitioner for legal fees for defending petitioner and its president in a criminal prosecution for a violation of the Sherman Antitrust Act.

### FINDINGS OF FACT

All of the facts are stipulated and they are found accordingly. We set forth below in numbered paragraphs the stipulation of facts:

1. Petitioner, a New York corporation, incorporated in 1934, has its principal office at 45 Kosciusko Street, Brooklyn 5, N.Y.

2. Petitioner filed its U.S. corporation income tax return for the taxable year 1958 with the district director of internal revenue, Brooklyn, N.Y., on or before March 15, 1959.

3. Professional expenses of $48,690.95 were taken as a deduction by the petitioner in its return. Respondent disallowed $43,074.66 of the above-mentioned deduction on the ground that these expenses were incurred in the unsuccessful defense of criminal charges involving violations of the Sherman Antitrust Act. With respect to these professional expenses of $43,074.66, the parties stipulate as follows:

(a) Only the deduction attributable to legal fees paid for the defense of criminal charges under the Sherman Antitrust Act is in controversy. The legal fees paid for such defense are as follows:

| | |
|---|---|
| Rosenman, Goldmark, Colin & Kaye | $10,000.00 |
| Laporte & Meyers | 10,171.10 |
| Mervin C. Pollak | 1,200.00 |
| Total | 21,371.10 |

(b) The remaining professional expenses of $21,703.56 were not paid for the defense of criminal charges and are conceded by the respondent.

4. Since 1934, petitioner has been engaged in the business of renting cotton coats, shirts, aprons, dresses, and other apparel, and table linen, towels, and sheets to restaurants, beauty parlors, barber shops, and hotels in the metropolitan area of New York. In 1955, the United States of America instituted a civil action (Civil Action No. 99–387) in the District Court of the Southern District of New York against a number of linen-supply and laundry concerns. The petitioner and its president were two of the defendants. The complaint alleged that all of the defendants had violated sections 1 and 2 of the Sherman Antitrust Act (15 U.S.C.). This action was terminated by a consent decree in August 1958.

5. In 1957, the United States of America instituted a criminal action (CR 152–79) in the District Court of the Southern District of New York against a number of linen-supply and laundry concerns. The petitioner and its president, Charles Maslow, were two of the defendants. The defendants were charged with violation of sections 1 and 2 of the Sherman Antitrust Act as a result of their business activities. Petitioner engaged the law firm of Laporte & Meyers to defend it and its president. It also engaged Mervin C. Pollak to assist counsel. This action was tried in the District Court and the defendants were found guilty. For their services in this trial in the District Court the petitioner paid the firm of Laporte & Meyers $10,171.10 and Mervin C. Pollak, $1,200.

6. This judgment was appealed to the Court of Appeals for the Second Circuit. Petitioner engaged the firm of Rosenman, Goldmark, Colin & Kaye to prosecute this appeal for itself and its president. The decision of the District Court was reversed and the case was remanded to the District Court for a complete new trial. The opinion of the Court of Appeals for the Second Circuit is reported in 291 F. 2d 563 (1961). Solely for their services in the appeal, the firm of Rosenman, Goldmark, Colin & Kaye was paid $10,000 by the petitioner.

7. On November 30, 1961, the petitioner and its president, Charles Maslow, entered pleas of *nolo contendere* to the charges of violations of title 15, secs. 1 and 2, U.S.C. Petitioner and its president were adjudged guilty.

There were also stipulated exhibits consisting of certified copies of the judgments of the U.S. District Court for the Southern District of

New York, dated November 30, 1961, showing petitioner and its president were each "Adjudged * * * guilty as charged and convicted" and it was adjudged that petitioner pay a fine of $22,500 on each of the two counts in the charge, or a total of $45,000, and its president pay a fine of $5,000 on each of the two counts in the charge, or a total of $10,000.

## OPINION

It has long been the rule that legal expenses incurred in the unsuccessful defense of a criminal prosecution are not deductible. *Thomas A. Joseph*, 26 T.C. 562, and cases cited. Petitioner does not question this rule but it argues that here the fees involved were for a successful defense and in any event the $10,000 paid for the successful appeal to the Court of Appeals for the Second Circuit is deductible.

It is difficult to understand how the defense could have been more unsuccessful. The prosecution ended with a court judgment determining petitioner and its president each guilty on both counts of the charge. Petitioner cites a few cases holding that a plea of *nolo contendere* cannot be used as an estoppel between the parties in a subsequent civil case for the same wrong. The plea of *nolo contendere* is of no significance on the issue of whether the defense was successful or not. It was the judgment of conviction and sentence, not the tender and acceptance of the plea of *nolo contendere*, that constituted the determination of guilt. *Lott* v. *United States*, 367 U.S. 421; *Hudson* v. *United States*, 272 U.S. 451. There is no merit in petitioner's contention that the defense was successful.

The second argument that the legal expenses of $10,000 for the prosecution of the appeal to the Second Circuit is equally of no merit. This appeal was merely a step in the prosecution which started with the two-count indictments and ended with final judgments of the court determining petitioner and its president both guilty on both counts and sentencing both to pay substantial fines.

Petitioner's brief contains the suggestion that the disallowance of attorneys' fees incurred in an antitrust action, where plea of *nolo contendere* has been pleaded, is contrary to the intent of Congress. There is no foundation for the suggestion.

Because we hold the legal expenses were not "ordinary and necessary expenses" within section 162(a), I.R.C. 1954, we need not pursue respondent's alternative contention that the allocable portion of the legal expenses attributable to the president's defense would not be deductible by the corporation.

To give effect to conceded adjustments,

*Decision will be entered under Rule 50.*