### SOUTHERN IDAHO CONFERENCE ASSOCIATION OF SEVENTH DAY ADVENTISTS, a corporation, Appellant,

v.

### UNITED STATES of America, Appellee.

### No. 22960.

United States Court of Appeals
Ninth Circuit.

Oct. 27, 1969.

---

Samuel Kaufman (argued), of Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, for appellant.

Frank B. Friedman (argued), Clyde O. Martz, Asst. Atty. Gen., S. Billingsley Hill, Washington, D. C., Sylvan A. Jeppesen, U. S. Atty., Clarence D. Sutter, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before MERRILL and CARTER, Circuit Judges, and JAMESON,* District Judge.

JAMESON, District Judge:

This is an appeal from a judgment quieting title in appellee, the United States of America, in a material site located on a 40 acre tract of land in the State of Idaho and to the gravel and other road building material located thereon, together with easement of egress and ingress for the removal of the material, and enjoining appellant, Southern Idaho Conference Association of Seventh Day Adventists, from asserting any claim to

* Honorable William J. Jameson, United States, Senior District Judge, Billings, Montana, sitting by designation.

the material site adverse to appellee or interfering with appellee's use thereof.

On November 7, 1947, the State of Idaho applied to the United States Public Roads Administration, Federal Works Agency, for appropriation of the 40 acre tract for use as a site for the removal of road building material, pursuant to the Federal Highway Act of November 9, 1921, 42 Stat. 212, 216.[1] The application was in connection with a highway designated as Project No. 189, Federal Aid Route No. 35. While the materials from the site have not been used for Project No. 189, they have been used since 1948 for other Federal Aid projects within a ten mile radius of the material site.[2]

On November 28, 1947, Ezra Carter, appellant's predecessor in interest, filed a desert entry on 160 acres of land, including the 40 acre tract.

On May 18, 1948, the Department of the Interior, by the Acting Director of the Bureau of Land Management, approved the application of the State of Idaho and issued a materials use permit for the 40 acres tract (Parcel B) and an additional ten acre tract (Parcel A)[3] upon the "express condition that the materials taken from the land shall be restricted in their use to Federal Aid Highways". A plat of the materials site was recorded in Canyon County, Idaho on June 9, 1948.

On October 29, 1953, the Department of the Interior issued a patent to Carter covering the 160 acres, including Parcel B. The patent contained the following reservation:

"There is, also, reserved a right-of-way for a material site under the Act of November 9, 1921. (42 Stat. 212)." [4]

1. Section 17 of the Federal Highway Act of November 9, 1921 (23 U.S.C. § 18 prior to the 1958 recodification, now 23 U.S.C. § 317) read as follows:

"Sec. 17. That if the Secretary of Agriculture determines that any part of the public lands or reservations of the United States is reasonably necessary for the right of way of any highway or forest road or as a source of materials for the construction or maintenance of any such highway or forest road adjacent to such lands or reservations, the Secretary of Agriculture shall file with the Secretary of the department supervising the administration of such land or reservation a map showing the portion of such lands or reservations which it is desired to appropriate.

"If within a period of four months after such filing the said Secretary shall not have certified to the Secretary of Agriculture that the proposed appropriation of such land or material is contrary to the public interest or inconsistent with the purposes for which such land or materials have been reserved, or shall have agreed to the appropriation and transfer under conditions which he deems necessary for the adequate protection and utilization of the reserve, then such land and materials may be appropriated and transferred to the State Highway department for such purposes and subject to the conditions so specified.

"If at any time the need for any such lands or materials for such purposes shall no longer exist, notice of the fact shall be given by the State Highway department to the Secretary of Agriculture, and such lands or materials shall immediately revert to the control of the Secretary of the department from which they had been appropriated."

Under Reorganization Plan No. 1, Part 3 of the Act of April 25, 1939 (53 Stat. 1426) the Bureau of Public Roads was transferred from the Department of Agriculture to the Federal Works Agency.

2. Based on an agreed statement of facts, the trial court found "that the [United States] has continued to use the material site by permitting the State of Idaho to withdraw rock and gravel therefrom for Federal Aid Highway construction and maintenance and that such use has continued since the year 1948. No abandonment of the use of the material site had been claimed".

3. Parcel B, the 40 acre tract in question, is described as the Southeast Quarter of the Northwest Quarter of Section 15, Township 3, Range 3 West of the Boise Meridian, Idaho. Parcel A, the ten acre tract, is still owned by the United States.

4. Both the patent and permit reserve all fissionable materials to the United States pursuant to the Act of August 1, 1946, 60 Stat. 755.

By contract dated October 31, 1960, Carter conveyed the patented 160 acres to appellant. The deed was placed in escrow and delivered to appellant about December 20, 1965.

In 1965, 1966, and 1967 the State of Idaho made massive removals of gravel from both Parcels A and B. Beginning in 1965 appellant protested to the State of Idaho Department of Highways and has continued to protest and oppose the removal of gravel from Parcel B. On May 5, 1966, it commenced suit in an Idaho state court seeking to enjoin the State from removing gravel from the 40 acres tract designated Parcel B.[5]

It is appellant's primary contention that the Government "granted the State of Idaho only a temporary use permit constituting nothing more than a revocable easement"; that when it issued the subsequent patent to Carter, "the United States conveyed all of its right, title and interest, including the right to revoke the use permit given the State of Idaho"; and that after the issuance of the patent the United States retained no interest in the land and accordingly is not a proper party plaintiff.

Appellee contends and the trial court held that the material site was "withdrawn and appropriated by the United States"; that the entry of Carter was subject to the prior appropriation by the United States"; and that neither Carter nor appellant as his transferee acquired any interest in the material site easement.

We conclude that the express patent reservation and applicable statute and regulations support the holding of the district court.

The patent reserves a right-of-way for a material site under the Act of November 9, 1921. The Act itself provides for "appropriation and transfer" of the material site to the State Highway Department, and if the need for the lands or materials "shall no longer exist", the lands or materials "shall immediately revert to the control of the Secretary of the department from which they have been appropriated".

Title 43 of the Code of Federal Regulations, Chapter II, contains Regulations of the Bureau of Land Management, Department of the Interior, relating to Public Lands. 43 C.F.R. Subpart 2234—Right-of-Way,[6] contains the regulations governing rights-of-way. 43 C.F.R. 2234.2–4 dealing specifically with 23 U.S.C. § 317 (formerly section 107, and as noted supra, originally 23 U.S.C. § 18) provides in Paragraph (b) (4):

"Grants of rights-of-way under Title 23, United States Code, by the authorized officer of the Bureau of Land Management will be made to the appropriate State highway department * * subject to (i) all the pertinent regulations of this part * * *."

43 C.F.R. 2234.1–3, 1969 Revision, sets forth the nature of the interest acquired by the State of Idaho. This regulation provides:

"(a) Nature of interest granted; settlement of right-of-way; rights of ingress and egress. (1) No interest granted by the regulations in this part shall give the holder thereof any estate of any kind in fee in the lands. The interest granted shall consist of an easement, license, or permit * * *; no interest shall be greater than a permit revocable at the discretion of the authorized officer * * *."

§ 2234.1–5 relating to "Revocation or cancellation", provides in subparagraph (b) (2):

"The final disposal by the United States of any tract traversed by a right-of-way shall not be construed to be a revocation of the right-of-way in whole or part, but such final disposition shall be deemed and taken to be

---

5. The state action has been held in abeyance pending the outcome of this case.

6. A subpart of "Part 2230—Special Uses".

subject to such right-of-way until it is specifically canceled." [7]

There has been no cancellation or reservation of the permit by the United States. It was not revoked or canceled by the "final disposal" through issuance of the patent. On the contrary, the patent expressly reserved the right-of-way for the material site in accordance with Department regulations.[8] Neither the statute nor any regulation gives appellant any right of revocation or cancellation.

Under the patent reservation and the applicable statute and regulation the material site easement was appropriated by the United States through the Department of Interior and transferred to the State of Idaho pursuant to the provisions of 23 U.S.C. § 317. The United States still retains the easement in the material site subject to the permit. The site has been in continuous use by the State of Idaho since 1948.

In Schaub v. United States, 9 Cir. 1953, 207 F.2d 325, this court affirmed a judgment quieting title in the United States to a tract of forest service land on which the defendant-appellant had attempted to locate a mining claim. Prior thereto the regional forester had executed a document which recited that the area in question "is hereby reserved for the use of the Bureau of Public Roads as a source of road building material". We agreed with the trial court that "this was a valid 'special use permit' authorized by 48 U.S.C.A. § 341 [9] and 23 U.S.C.A. § 19,[10] and regulations issued pursuant thereto, and

it had the effect of withdrawing the area in dispute from mineral location at the time the defendant-appellant attempted to locate it". (207 F.2d 326).

In the present case there was a formal compliance with the applicable statute and regulation and there is no question that the State of Idaho has a valid use permit. The statute does not require or contemplate an order or proclamation withdrawing from entry the land upon which the material site is located. The district court properly held that "the entry of Carter was subject to the prior appropriation by the United States (of Parcel B) as a material source and site".

Under the express provisions of 23 U.S.C. § 317, "If at any time the need for any such * * * materials * * * shall no longer exist, * * * such * * * materials shall immediately revert to the control of the Secretary". Under the applicable regulation the title conveyed by the patent remains subject to the material site "until is is specifically canceled" by the Secretary.

Appellant next contends that the State of Idaho was limited by the permit to using the material on Project 189, that this use had ceased prior to the issuance of the patent, and that the reservation in the patent accordingly is "meaningless" and the patent conveyed fee simple title "free from the burden of the easement created by the permit". While the permit recites an application for use of materials for Project 189, it also contains a provision restricting the use of the mate-

7. 43 C.F.R. § 2234.1–5(b) (2), 29 F.R. 4429, Mar. 31, 1964, as amended by Circ. 2191, 30 F.R. 7605, June 11, 1965, was originally 43 C.F.R. § 244.17(b), 17 F.R. 5896, July 1, 1952. The regulation was in force at the time the patent was issued to Carter.

8. Moreover, if the patent reservation were found to be ambiguous, the construction for which appellant contends "would run counter to the established rule that land grants are construed favorably to the Government, that nothing passes except what is conveyed in clear language, and that if there are doubts that they are resolved for the Government, not against

it". United States v. Union Pacific R. Co., 1957, 353 U.S. 112, 116, 77 S.Ct. 685, 1 L.Ed.2d 693.

9. 48 U.S.C. § 341 relates specifically to national-forest lands in Alaska and is not here applicable.

10. The district court had relied upon 23 U.S.C. § 18 (now 23 U.S.C. § 317) as authorizing "the appropriation of any part of the public lands or reservations of the United States as a source of material for the construction or maintenance of forest roads and highways". (103 F. Supp. 873, 875).

rial to "Federal Aid Highways". We agree with the district court that "any extended use of the material and the site by the State is a matter to be settled between the United States and the State". Obviously the United States has not objected to the use of material on other Federal Aid projects.[11] Moreover, the use on other projects began before the patent was issued and long before appellant acquired any interest in the land.

■ Nor is there any merit in appellant's contention that the material was not used on highways "adjacent" to the land. Again this is a matter between the United States and the State of Idaho. Moreover, we agree with the district court that, "In this modern age of extensive highway construction, 'highways adjacent to such land' must be given a fairly broad interpretation" and that "materials sites eight to ten miles from the highway being constructed would certainly be adjacent as contemplated in any reasonable interpretation of the statute".

Finally, appellant contends that the action is barred by 43 U.S.C. § 1166, which provides:

"Suits by the United States to vacate or annul any patent shall only be brought within six years after the date of the issuance of such patents."

■ This is not, however, an action to either vacate or annul a patent. In Kern River Co. v. United States, 1921, 257 U.S. 147, 42 S.Ct. 60, 63, 66 L.Ed. 175, 180, the Government sought forfeiture of a right-of-way for breach of a condition subsequent. The Court held that such an action was "plainly * * * not a suit to vacate or annul a patent and so is not within the statute". The same is true here. The validity of the patent is not questioned. Rather appellee brought suit to enforce one of its conditions and enjoin interference with an easement expressly reserved in the patent.

Finding no error, we affirm.

---

11. As the district court said: "Obviously the State has removed substantial amounts of material from the land in question for a number of Federal Aid roads and highways with at least the tacit approval of the Bureau of Land Management. The Bureau could, at its discretion, extend and increase the use permit."